### SANDERS vs. THE STATE.

In misdemeanors, all persons who procure, participate in, or assent to the commission of the crime, are regarded as principals and indictable as such.

On indictment for obstructing the public road, the proof was, that there were obstructions across the road: that they were caused by the felling of timber to build the defendant's house: that he was frequently about the premises and saw the obstructions, but made no effort for their removal—that he had employed a man to erect the house and had no control over the workmen; the jury found a verdict of guilty: As there was not a total want of evidence to sustain the verdict, this Court should not set it aside.

*Appeal from the Circuit Court of Drew county.*

The Hon. THEODORIC F. SORRELS, Circuit Judge.

CUMMINS & GARLAND for the appellant.

JOHNSON, Attorney General, for the State.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Benjamin F. Sanders was indicted in the Drew Circuit Court for obstructing a public road by felling trees and timber across it.

Upon the plea of not guilty he was tried by a jury, convicted and fined ONE CENT. He moved for a new trial on the grounds that the verdict was contrary to the law and evidence; the motion was overruled by the Court, and he excepted, and appealed. No instructions appear to have been asked, or given by the Court to the jury. No question of law was reserved at the trial. This Court is asked to decide merely whether the Court below erred in overruling the motion for a new trial; or, in other words, whether the evidence warranted the verdict?

The evidence, as set out in the bill of exceptions, is substantially as follows:

The defendant admitted that the road which he was charged with obstructing was a public road and highway.

*Whitehead*, a witness for the State, testified that in the month of August, 1854, he was at the place where some men were building a store house for defendant—heard defendant say he had hired Mr. Woodward to hew the timbers for his house which he was building. While there, witness saw several pieces of timber in the road that ran by the place where they were building the store-house. It was in Drew county. The logs or pieces of timber remained in the road for some five or six weeks. That defendant was unmarried, and did not keep house, but lived with his mother. Witness did not see the logs or timber put there. He did not know who put them in the road.

*Bush*, on the part of the State, also testified that he saw a log lying across the road, near the store of the defendant, but did not know who put it there.

*John W. Sanders*, a witness for defendant, testified as follows:

" The defendant employed me to build a store-house for him. He agreed to give me seventy-five dollars for the same when completed. Defendant hired a Mr. Woodward for me, at my request. Defendant had no control over me, or Mr. Woodward, or any of the hands engaged in building the store-house. Defendant was at the place frequently while the house was being constructed, but had no control over it. That the tree was felled by Mr. Woodward. I do not recollect whether defendant was present at the time or not, but he was there soon afterwards, and he took the top of the tree out of the road, but did not take the logs out of the road so that wagons could pass. The timber belonged to me until the house was finished. The other timbers were put in the road by a negro boy in my employ. I showed him where to put the timbers."

The above was all the testimony offerred or introduced by the parties.

It was not necessary for the defendant to have felled the timber across the road himself, or for it to have been done by his immediate direction, to make him responsible for the offence. In misdemeanors, all persons who procure, participate in, or assent to the commission of the crime, are regarded as principals and indictable as such.

For the purposes of this indictment, it must be inferred from the testimony that the premises, upon which the store-house was erected, belonged to defendant, or were under his control. He employed the witness Sanders to erect the store-house there, for him: and unless it is inferred from this fact that the defendant was the owner, or in control of the premises, we should have to presume that he procured a trespass to be committed on the land of some other person by causing the house to be erected there. But it is fairer to presume from the evidence that he had the lawful control of the premises, than that he was a trespasser.

Assuming then, from the facts in proof, that defendant was in the lawful control of the premises, by which the public road ran, and that he employed Sanders to erect a store-house there for his use, it was his duty as a good citizen to see that in the

erection of the house upon his premises the public road was not obstructed: and if casually obstructed in cutting the necessary timber, upon the premises, for the erection of the building, it was his duty to see that it was immediately removed. It seems from the evidence that the defendant was frequently at the place where the store was being erected, and where the timber was lying in the road. That some of the logs lay in the road for as long as five or six weeks. That he was there immediately after one of the hands had cut a tree across the road, and removed the top of it from the road himself, but the trunk remained as an obstruction. There is no proof that he made any other effort, or gave any directions to have the obstructions removed, or remonstrated with the workmen in reference to them. We think, under these circumstances, the jury were warranted in inferring his acquiescence in the obstructions.

It is true that the evidence, taken altogether, does not establish the criminal agency of the defendant in throwing the timber across the road, but there was evidence from which the jury might have inferred his acquiescence in the obstructions, and criminal neglect in their removal. There is not a total want of testimony to sustain the verdict, and the jury being the judges of its weight and sufficiency, we could not set aside the verdict without encroaching upon their constitutional province.

The witness Sanders seemed disposed to take the entire responsibility of the offence upon himself, but however guilty he may have been, the defendant was not the less culpable if he participated or acquiesced in the crime: and we cannot hold that he was excusable where there is ground to infer from the evidence, that he procured men to come upon his premises to erect a building for him, and stood by and permitted them to obstruct the public road, in doing his work, without remonstrance, or effort to prevent it, or to remove the obstructions.

The judgment of the Court below is affirmed.

Absent, Hon. C. C. SCOTT.