THETSTONE vs. THE STATE.

1. CRIMINAL PLEADING: *Defect in, when cured by legal presumption.*
   The defendant was indicted for murder and convicted. The indictment did not state in the body, in what county the offense was committed. He moved in arrest of judgment for this omission alone, which was overruled, but filed no motion for new trial, nor preserved any bill of exceptions, setting forth the evidence and the instructions of the court; held that this court will presume, in the absence of any showing to the contrary, in favor of the Circuit Court, that it was proven on the trial that the offense was committed in the county where the indictment was found.

2. VENUE: *Must be proved.*
   The venue must be proved on the trial, though not alleged in the indictment.

ERROR to *Mississippi* Circuit Court.

Hon. L. L. MACK, Circuit Judge.

*Adams,* for plaintiff.

*Attorney General, contra.*

ENGLISH, CH. J.:

On the 17th of October, 1874, the plaintiff in error, Stephen Thetstone, was indicted in the Circuit Court of Mississippi

County, for murder.  He was arraigned at the May Term, 1877, pleaded not guilty, was tried by a jury, found guilty of murder in the second degree, filed a motion in arrest of judgment, which was overruled, sentenced to the penitentiary for nineteen years, the period of imprisonment fixed by the verdict, and brought error.

The indictment does not allege that the offense was committed in Mississippi County, and this was the only ground of the motion in arrest of judgment.

There was no motion for a new trial, and no bill of exceptions setting out the evidence and charge ·of the court to the jury. We must therefore presume, in the absence of any showing to the contrary, in favor of the judgment of the court below, that it was proven on the trial that the offense was committed in Mississippi County, for without such proof the plaintiff in error could not have been legally convicted. *Dougan* v. *State*, 30 Ark., 41.

The county is named in the caption of the indictment; the time of the offense is alleged, and the words *"then and there,"* are used as usual in averring the material facts of the crime; but the word *"there"* has no antecedent in the body of the indictment.

In the English forms the venue is stated in the margin, as "Middlesex, to-wit," and laid in the body of the indictment by referring to the county in the margin, as "the county aforesaid."

In *Barnes* v. *The State*, 5 Yerger, 186, the county was named in the caption, and in the body of the indictment the offense was alleged to have·been committed in the " county aforesaid," and this was held to be sufficient.

In *State* v. *Cotton*, 4 Foster (N. H.), 144, the county was named in the caption, and the time avowed in the body of the indictment, and then followed the charge that the defendant then

and there did steal, etc., and the court held that the omission of a more certain averment of the venue might have been bad on special demurrer, but was not fatal on motion in arrest of judgment, after verdict on plea of not guilty.

By a section of the Criminal Code : " If the indictment contains no statement of the place in which the offense was committed, it shall be considered as charged therein that it was committed in the local limits of the jurisdiction of the court in which the grand jury was empanelled." (Gantt's Dig., sec. 178.) And, of course, the State must prove the venue as if, in fact, formally alleged in the indictment.

There is a similar statute in England. 14 and 15 Victoria C., 100, s. 23; 1 Arch. Cr. Prac. and Plead. (6 ed.), p. 85–6.

We think the objection taken to the indictment, on the motion in arrest, applies to matter of form and not substance. *Mott* v. *State*, 29 Ark., 148; *Barton* v. *State*, Ib., 68; *Thompson et al.* v. *State*, 25 Ala., 45.

Affirmed.