BAINE *v.* STATE.

Opinion delivered February 11, 1918.

1. HOMICIDE—CONVICTION—REDUCTION OF DEGREE.—There must be both provocation and passion to reduce a homicide to manslaughter which would otherwise be murder; and, while a man who had caught his wife *flagrante delicto* might be so moved by passion and rage as that the impulse to kill her partner in crime, or the wife herself, would be irresistible, still this, in any case, would be a question for the jury, and not one of law for the court.

2. APPEAL AND ERROR—OBJECTIONS TO INSTRUCTIONS.—Appellant must object to the giving of an instruction, and must save an exception to the ruling of the court, as well as assign the error in the motion for a new trial.

3. APPEAL AND ERROR—MULTIPLICATION OF INSTRUCTIONS.—The trial court need not multiply instructions on the same issue.

4. TRIAL—ARGUMENT OF INSTRUCTIONS.—In argument, an attorney may argue the law, to the jury, as declared in the instructions given by the court.

Appeal from Pulaski Circuit Court, First Division; *J. W. Wade,* Judge; affirmed.

*L. C. Maloney,* for appellant.

1. The verdict is against the preponderance of the evidence. Roseby's evidence was not corroborated. The affray was caused by Roseby's improper conduct and his story is improbable, to say the least. No malice or premeditation was shown and the evidence was never suffi-

cient to show anything more than involuntary manslaughter, if that.

2. Defendant was entitled to the benefit of the law of self-defense and reasonable doubt. The burden was on the State and never shifted to defendant. 71 Ark. 459.

3. The court erred in its instructions as to homicide. Kirby's Digest, § 1765; 1 Wharton on Cr. Law, 488, 489, 491; 67 Ark. 600. The instructions were confusing and misleading.

4. The remarks of the prosecuting attorney were prejudicial.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The evidence sustains the verdict. 92 Ark. 200; 31 *Id.* 196; 95 *Id.* 172; 101 *Id.* 51.

2. It was not necessary to prove murder in the first degree since the conviction was only for manslaughter.

3. The jury was fully instructed as to the burden of proof, and it was not error to refuse further instructions on that point. 103 Ark. 352; 101 *Id.* 569.

4. It was not error to instruct in the language of the statute. Kirby's Digest, § 1765; 71 Ark. 459; 73 *Id.* 291. Appellant was found guilty of manslaughter only, and if error, the instruction as to the higher grades of homicide was harmless. 60 Ark. 76; 54 *Id.* 4; 58 *Id.* 513; 73 *Id.* 280. But no objection was made nor saved.

5. Failure to instruct the jury not to convict of murder was not erroneous or prejudicial. No request was made for such. 67 Ark. 416; 75 *Id.* 373.

6. Proof of self-serving statements of appellant was properly rejected as incompetent.

7. Miller's testimony was admissible.

8. It was not error for the prosecuting attorney to read the instructions and discuss them. The matter does not appear in the bill of exceptions. *Larkin* v. *State,* 131 Ark. 449.

9. The jury had already been correctly instructed and further instructions on self-defense were unnecessary. *Supra.*

10. The remarks of the prosecuting attorney are not shown in the bill of exceptions. 58 Ark. Law Rep. 449.

SMITH, J. Appellant was indicted for the crime of murder in the first degree, alleged to have been committed by shooting Annie Baine, who was his wife. At his trial he admitted firing the fatal shot, but testified that he did so in his necessary self-defense. He and his wife had had frequent disagreements, and she had twice left him and returned to the home of her father. A reconciliation had been effected and they were living together at the time of the killing but there was testimony that they were not living together harmoniously. According to appellant, he had been ill, and was ill at the time, and left home for the purpose of purchasing some medicine, but after going some distance he discovered that he had left without his tobacco, and he returned home on that account. He testified that when he entered the room, one Carter Roseby was there having sexual intercourse with his wife, and that he caught them *flagrante delicto.* That, upon his entrance into the room, Roseby jumped up and caught him and commenced choking him down on a table, and during this struggle he attempted to get his gun to shoot Roseby and that, in the scuffle over the gun, it was discharged and his wife was killed. According to Roseby, he had dropped by the house to get a match, and had started to leave when appellant came into the room and shot his wife. This witness testified that nothing improper had occurred and that he had no quarrel with Baine, and that Baine made no attempt to shoot him either before or after he had shot his wife. The jury returned a verdict finding defendant guilty of voluntary manslaughter, and fixed the punishment at three years imprisonment in the State penitentiary.

It is chiefly insisted that the evidence is not sufficient to sustain the verdict, and, in support of this contention, the testimony is discussed at some length. We can not, however, review this evidence, because, under the well-known rules of this court, we pass only upon its legal sufficiency; and it must be said that the evidence is legally sufficient to sustain the verdict of the jury. The jury elected to believe Roseby, rather than appellant, and, if the testimony of Roseby is accepted, appellant was guilty of at least as high a grade of homicide as that for which he was convicted.

(1) Appellant requested the court to charge the jury that, in no event, could he be convicted for a higher degree of homicide than voluntary manslaughter; but the court refused to instruct the jury to this effect. This instruction was properly refused, because, according to the testimony of Roseby, appellant was, in fact, guilty of a higher degree of homicide than manslaughter. Moreover, appellant was convicted only of manslaughter, and was not given the highest punishment fixed by law for that offense, so that, in any event, no prejudice could have resulted from the refusal to give this instruction, even though it be conceded that, under appellant's testimony, he was guilty of no higher crime. But, in any event, it would have been a question for the jury to say whether or not, under the circumstances of the case, appellant was prompted by a provocation which made his passion and purpose to kill irresistible. There must be both provocation and passion to reduce a homicide to manslaughter which would otherwise be murder; and, while a man who had caught his wife *flagrante delicto* might be so moved by passion and rage as that the impulse to kill her partner in crime, or the wife herself, would be irresistible, still this, in any case, would be a question of fact for the jury, and not one of law for the court.

(2) It is insisted that the court erred in giving as an instruction Section 1765 of Kirby's Digest, which reads that "the killing being proved, the burden of prov-

ing circumstances of mitigation that justify or excuse the homicide shall devolve on the accused, unless, by the proof on the part of the prosecution, it is sufficiently manifest that the offense committed only amounted to manslaughter, or that the accused was justified or excused in committing the homicide.'' It is sufficient to say that, although the giving of this instruction is assigned as error in the motion for a new trial, no objection was made to the instruction when it was given and no exception was saved.

(3) The action of the court in refusing to give an instruction requested in appellant's behalf on the question of the burden of proof is also assigned as error. If it be conceded that the instruction requested was a correct declaration of the law, it can not be said that any prejudice resulted from the failure of the court to give the instruction requested, as other instructions were given by the court which fully declared the law of that subject, one of the instructions upon this subject having been requested by appellant himself. When the court has fully and correctly declared the law upon any issue in the case, no duty devolves upon it to multiply instructions which cover the same question, and we think, therefore, that no error was committed in refusing to give all of the instructions requested by appellant on this subject.

(4) It is finally insisted that the court should not have permitted the prosecuting attorney to read the instructions to the jury and to comment upon them and explain them to the jury. It is proper, however, for attorneys in a case to argue the law of the case as applied to the testimony. Indeed, this is one of the purposes of the argument, and, inasmuch as it does not appear that the prosecuting attorney erroneously construed any of the instructions given, no error was committed in this respect.

We have here one of those constantly recurring cases where the testimony can not be reconciled; and we can not undertake to pass upon the questions of veracity

which appear in the record. The evidence is legally sufficient to sustain the verdict of the jury, and we are concluded by it.

No prejudicial error appearing, the judgment is affirmed.