CEGARS v. STATE.

Opinion delivered December 5, 1921.

1. INDICTMENT AND INFORMATION—ALLEGATION OF VENUE.—Under Crawford & Moses' Dig. § 3020, providing that "if the indictment contains no statement of the place in which the offense was committed, it shall be considered as charged therein that it was committed in the local limits of the jurisdiction of the court in which the grand jury was impaneled", *held* that where an indictment for murder alleged that the crime was committed in a certain county of the State, but failed to allege in which of the two districts of the county it was committed, it will be considered that it was committed in the district in which the grand jury was impaneled.

2. HOMICIDE—APPEAL—OBJECTIONS NOT RAISED BELOW.—On appeal from a conviction of murder in the first degree, objections to evidence adduced or to the instructions given by the court will not be considered on appeal where such objections were not saved in the court below.

Appeal from Arkansas Circuit Court, Northern District; *George W. Clark,* Judge; affirmed.

*Mehaffy, Donham & Mehaffy,* for appellant.

The indictment is fatally defective, in that it did not set out the district. 14 R. C. L. 181; 1 Bish. Crim. Proc. 375; 22 Cyc. 310; Std. Enc. of Procedure, Vol. 12, p. 429; 92 Cal. 277; 28 Pac. 270; 228 Ill. 581; 81 N. E. 1129; 10 Humph. (Tenn.) 615; 1 Va. Cas. 1. See also, 1 Chit. Crim. Law, 131. The indictment was bad for uncertainty. Std. Ency. of Procedure, Vol. 12, p. 428; 29 Fla. 455; 10 Sou. 891; 8 N. J. L. 307; 18 Tex. 391; 39 Me. 291; 26 Neb. 263; 20 Mo. 411; C. & M. Dig. Secs. 3212-13; 14 R. C. L. Sec. 27, p. 181.

The jury were not sworn on their *voir dire.* C. & M. Dig. Sec. 3144.

The court erred in its instructions to the jury as to the weight and credibility of the testimony of the witnesses. 82 Ark. 540; *Prewitt* v. *State,* ms. op.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

The bill of exceptions must be filed within the time allowed by the lower court. 103 Ark. 46; 80 Ark. 410. It must be signed and filed in time. 103 Ark. 44; 39 Ark. 558; 52 Ark. 415.

No motion for new trial was filed, and this court can only correct such errors as appear on the record proper. 215 S. W. 385; 129 Ark. 217.

Before this court will review the testimony and instructions for errors, it is essential that objections be raised in the lower court. 123 Ark. 66; 12 Stand. Ency. of Proc. pp. 661-662.

If there was any defect in the indictment, the objection should have been raised in the court below. 99 Ark. 134; 105 Ark. 82; 215 S. W. 703; 32 Ark. 179; 34 Ark. 321. The defect was cured by the verdict. 12 Stand. Ency. of Procedure, p. 700.

Indictment must be found in the county where the offense was committed. 55 Ark. 556.

Objections to instructions made for the first time on appeal cannot be considered. 70 Ark. 348; 74 Ark. 557; 124 Ark. 599; 94 Ark. 68.

HART, J. George Cegars prosecutes this appeal to reverse a judgment and sentence of conviction against him upon the verdict of a jury finding him guilty of murder in the first degree.

It is earnestly insisted by counsel for the defendant that the judgment should be reversed because of a defect in the indictment charging the venue of the crime. The indictment is as follows:

State of Arkansas

    Against

George Cegars

In the Arkansas County Circuit Court, Northern District, August Term A.D. 1921.

The grand jury of the Northern District of Arkansas County, in the name and by the authority of the State of Arkansas, accuse George Cegars of the crime of murder in the first degree committed as follows, to-wit: The said George Cegars, in the county and State aforesaid, on the 15th day of April, A.D., 1921, did then and there unlawfully, wilfully, feloniously, with malice aforethought and after premeditation and deliberation, kill and murder one Henry Carter by then and there shooting him, the said Henry Carter, with a certain gun, then and there loaded with gunpowder and leaden balls, which said gun was then and there had and held in the hands of him, the said George Cegars, contrary to the

statute in such cases made and provided, and against
the peace and dignity of the State of Arkansas.

                              W. J. WAGGONER,
                              Prosecuting Attorney.

It will be noted that the place where the crime is
alleged to have been committed is stated in such manner
as to show that the court had jurisdiction of the offense.
The body of the indictment shows that the grand jury
of the Northern District of Arkansas County in the name
and by the authority of the State of Arkansas accuses
George Cegars of the crime of murder in the first degree.
It is true that the charging part of the indictment alleges
that the crime was committed in the county and State
aforesaid, without alleging that it occurred in the North-
ern District of said county and State. This was not
necessary under our statute. Section 3020 of Crawford
& Moses' Digest reads as follows:

"If the indictment contains no statement of the
place in which the offense was committed, it shall be con-
sidered as charged therein that it was committed in the
local limits of the jurisdiction of the court in which the
grand jury was impaneled."

This section of the statute is a part of our Criminal
Code and has been upheld in the following cases:
*Whetstone* v. *State,* 32 Ark. 179, and *Brassfield* v. *State,*
55 Ark. 556. In each of these cases the defendant was
convicted of the crime of murder in the second degree
and made the same objection to the indictment as is
made in the present case. Therefore the objection to the
indictment applies to matters of form and not substance
and is not well taken.

The body of the indictment shows that it was found
by the grand jury of the Northern District of Arkansas
County, and under the statute the crime will be consid-
ered as having been committed within the local juris-
diction of the court in which the indictment is found.

The court gave instructions at the request of the
State, and also of the defendant. Counsel for the de-

fendant in this court urged a reversal of the judgment on account of certain instructions given by the court. No objections were made to these instructions by counsel who represented the defendant in the court below.

The jury returned the defendant guilty of murder in the first degree. He made no objections to the evidence adduced, or to the instructions given by the court. Therefore, we cannot consider any alleged errors on account of the introduction of evidence or the giving of instructions. *Harding* v. *State,* 94 Ark. 65, and *Morris* v. *State,* 142 Ark. 297, and cases cited.

Evidence on the part of the State warranted the jury in finding the defendant guilty of murder in the first degree. The deceased, Henry Carter, and his wife were separated. The defendant, Gorge Cegars, had been paying attention to Carter's wife. Carter told him that he must cease doing this until a divorce had been secured. Between five and six o'clock in the morning on the first day of April, 1921, the defendant, George Cegars, approached Henry Carter in the Northern District of Arkansas County, Ark., and drawing his gun, shot him to death. The deceased was unarmed, and there was no cause for the shooting. The deceased did nothing whatever to provoke the defendant to attack him. When the defendant fired the first shot, the deceased started to run, and the defendant continued shooting at him until he had killed him.

According to the defendant's evidence, he was afraid of the deceased and killed him because he had his hand in his pocket, and he thought the deceased was going to shoot at him.

We find no error in the record, and the judgment will be affirmed.