WALKER *v.* STATE.

Opinion relivered January 23, 1922.

1. INTOXICATING LIQUORS—EVIDENCE.—Evidence *held* to sustain a conviction of setting up a distillery.

2. CRIMINAL LAW—INSTRUCTIONS—OBJECTION.—Action of the court in giving or refusing instructions will not be considered on appeal, in absence of objection in lower court.

3. INTOXICATING LIQUORS—EVIDENCE.—In a prosecution for setting up a distillery in which defendant denied having set up a still, it was not error to permit a witness familiar with stills to set up and exhibit the still which defendant was alleged to have set up.

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; affirmed.

*Isaac McClellan* and *D. E. Waddell,* for appellant.

The court erred in allowing witness to show to the jury how stills are erected and operated. *Briscoe* v. *State,* 149 Ark. 648.

The evidence was not sufficient.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

The case of *Briscoe* v. *State,* 149 Ark. 648, does not apply.

Objections made to instructions for the first time on appeal will not be considered. 70 Ark. 348; 74 Ark. 557. Where no objection to an erroneous instruction is made, the court will not reverse. 124 Ark. 599.

Exceptions must be made during the trial to the giving or refusing of instructions. 135 Ark. 499.

WOOD, J. The appellant with J. J. Cotton and E. H. C. Crouse were jointly indicted in the Grant Circuit Court for the crime of setting up a distillery. The indictment, omitting formal parts, charged that the appellant and others "in the county and State aforesaid, on the second day of August, A. D. 1921, did unlawfully and feloniously set up a distillery for the purpose of manufacturing distilled spirits for beverage purposes, against the peace and dignity of the State of Arkansas." The appellant was tried separately. He was convicted and sentenced to one and one-half years in the State penitentiary.

The testimony on the part of the State tended to prove that E. C. Hall and W. A. Florey, deputy sheriffs of Grant County, on the first day of August, 1921, went to appellant's place in Grant County to look for a still. They found two barrels of mash containing about one hundred and twenty gallons about two hundred yards from Cotton's house in the woods. About four or five o'clock in the afternoon they saw John Cotton and Houston Crouse come to the mash and examine it. Cotton stirred it with a stick and said it was about ready to manufacture. The next morning Hall and one Smithson, another deputy sheriff, went back to watch the mash. When they came near, they saw John Cotton, Houston Crouse and the appellant in the act of setting up a still, consisting of a sixty-gallon gasoline barrel for the tank of the still and a one and one-half inch galvanized pipe about ten or twelve feet long for the worm. There was also a trough there to place the worm in. The appellant had hold of the pipe when they first saw him placing it to the tank. The appellant and those with him started to run when they discovered the officers. The others got away, but the appellant was arrested in some bushes within about twenty steps of the still. He had a gun, and was ordered to throw up his hands. After some hesitation he did so. His gun was loaded with BB shot.

The still found by the officers on the occasion mentioned, and which was identified by all of them, was brought into court. One of the witnesses testified that he was familiar with the way in which stills were connected and set up, and, over the objection of the appellant, this witness was permitted to make the connections of the various parts and set up and exhibit the still to the jury.

The testimony of appellant and his witnesses tended to show that on the day appellant was arrested he was working on a shed near Cotton's house fixing to put up a sorghum mill. Cotton and Crouse were there with appellant until about 10:30 a. m., when they went to the

house. Before going to the house, they were talking about the boys who had been getting watermelons out of appellant's watermelon patch, and appellant asked Cotton why he didn't go down there and take his gun with him and have some fun out of the boys. Cotton replied that he couldn't use his gun with one hand. Appellant then told Cotton if he would give appellant the gun he would go and have some fun with the boys. Cotton sent the gun to appellant, which was loaded with one load of shot. About 11:00 or 11:30 a. m., appellant heard shots near the watermelon patch and went down back of the patch and was sitting in a bunch of bushes waiting for the boys, when he was ordered to put up his hands. Appellant set his gun down and put up his hands. He was then arrested and taken to jail. He did not know there was any still there or anywhere near there—couldn't see the still from the place where he was arrested. He didn't see the still until several days thereafter. He never drank whiskey and was never drunk in his life. He had never manufactured any whiskey, nor was he ever interested in the manufacture of whiskey, and he was not helping to erect the still for that purpose. The evidence was sufficient to sustain the verdict.

The appellant here for the first time objects to the instructions which the court gave and to the ruling of the court in refusing his prayers for instructions and in modifying and giving these prayers as modified. In the recent case of *Cegars v. State,* 150 Ark. 648, we held that where no objections are made at the trial to the instructions of the court we cannot consider alleged errors predicated upon the ruling of the court in giving instructions. See also *Morris v. State,* 142 Ark. 297; *Hardin v. State,* 94 Ark. 65.

The court did not err in permitting the witness to set up and exhibit the alleged still before the jury. The issue before the jury was whether or not the appellant had set up a still. Witnesses for the State testified that they found appellant and others in the act of setting up

a still; that they captured appellant and took possession of the alleged still, which they identified as the one found by them, and exhibited the same in the presence of the jury, attaching its several parts. The witness who set up and exhibited the still in the presence of the jury testified that he was familiar with stills and the manner of their operation, etc. This was certainly competent testimony on the issue involved.

The record presents no error in the rulings of the trial court. The judgment is therefore affirmed.