CHANDLER *v.* STATE.

4277                                            167 S. W. 2d 142

Opinion delivered January 11, 1943.

*Alfred Featherston,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

SMITH, J. Appellant was convicted for violating § 3398 of Pope's Digest which is part of the statute commonly referred to as the Pandering Act, and from the sentence to a term in the penitentiary upon that conviction is this appeal.

For the reversal of this judgment it is insisted that the testimony is insufficient to support the verdict and that error was committed in refusing to give certain requested instructions and that incompetent testimony was admitted over appellant's objections. These assignments of error relate, of course, to matters occurring during the progress of the trial and can only be brought into the record for our review by a bill of exceptions.

The motion for a new trial was heard and overruled on September 10, 1942, at which time the court allowed appellant forty-five days to prepare and present a bill of exceptions. The bill of exceptions was prepared and

mailed to the presiding judge on October 29, 1942, and was approved by the trial judge on November 2, 1942.

Assuming that the bill of exceptions was received by and, therefore, presented to the trial judge on October 29, that date was later than the forty-five days allowed for that purpose. It was held in the case of *Springfield* v. *Fulk,* 96 Ark. 316, 131 S. W. 694, (to quote the third headnote in that case) that:

"Bill of Exceptions—Failure of Judge to Sign.— Where a party in good faith presented his bill of exceptions, which he has a reasonable expectation of having signed by the judge, he is not prejudiced by necessary delay taken by the judge for his own convenience or for the purpose of giving it a thorough examination."

We count the time, therefore, within which the bill of exceptions might have been presented to the date when it was presented to the trial judge for approval and not to the time when the bill of exceptions was approved. But this date of presentation could not have been earlier than October 29, the date on which it was mailed to the trial judge and that date was after the expiration of the allotted time.

Appellant concedes that many cases have held that a bill of exceptions must be presented to the trial judge for his approval within the time allowed for that purpose and that one presented thereafter may not be considered, but he seeks to avoid the effect of these cases by the following contentions:

(1) That the approval of the bill of exceptions was, in effect, an extension of time.

(2) That the statute allows sixty days for appeal in felony cases and this appeal was taken within that time by filing a certified copy of the judgment of conviction.

These contentions will be considered together and may be disposed of by the following statement appearing in the opinion in the case of *Boatright* v. *State,* 195 Ark. 611, 113 S. W. 2d 107: "Appellant filed a motion for a new trial which was overruled, and on September 10, 1937, appellant was allowed sixty days within which to file his bill of exceptions. The judge signed and appel-

lant filed his bill of exceptions on November 11, 1937, which was two days too late, in order for same to become a part of the record for consideration by this court. *Austin* v. *State*, 183 Ark. 481, 36 S. W. 2d 400. The evidence on the trial of a cause is brought into the record by filing a bill of exceptions within the time allowed by the court, and is the only way to bring evidence into the record, so we cannot determine whether the evidence is insufficient to sustain the verdict and judgment without reference to the record.''

There the presentation to the trial judge was only two days late, but it was held that this delay prevented us from considering the bill of exceptions and required us to treat the case as one in which there was no bill of exceptions.

Now it is true that the statute (§ 4236 of Pope's Digest) allows sixty days in which to perfect an appeal from a judgment of conviction in a felony case, and it is true also that appellant perfected his appeal within that time. But this statute has no relation to the filing of a bill of exceptions. The trial court allows time for that purpose, which in all cases should be reasonable, and it has been held in an indefinite number of cases that the bill of exceptions must be filed within this time, that is, within the time allowed by the court for that purpose.

Here the trial court did not attempt to limit the time within which the appeal might be perfected. The order of the court related to the time within which the bill of exceptions must be presented. The preparation and presentation of the bill of exceptions is an incidental and intermediate step in the prosecution of the appeal and the time for that purpose, that is, the preparation and, presentation of the bill of exceptions, is a matter within the discretion, reasonably exercised, of the trial court, which time, however, may not extend beyond the next ensuing term of court.

The bill of exceptions was not presented to the trial judge within the time fixed by the order of the court, but appellant suggests that we may consider this case

on its merits notwithstanding that fact under the authority of § 4250 of Pope's Digest, which reads: "The court may act upon and decide a case in which the appeal was not prayed or the record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit."

That section has no application to the facts of this case. Appellant has perfected her appeal, and in apt time, and we may, therefore, consider it. But we may only consider it upon the record made. One may appeal without a bill of exceptions, in which event we may inquire only whether there is error upon the face of the record. Here there is an appeal without a bill of exceptions, and as no error appears upon the face of the record the judgment must be affirmed, and it is so ordered.