PRICE *v.* CITY OF TRUMANN.

4478 209 S. W. 2d 284

Opinion delivered March 15, 1948.

*Bon McCourtney* and *Claude B. Brinton*, for appellant.

ROBINS, J. On appeal from mayor's court, a trial jury in circuit court found appellant guilty of "accessory to assault and battery," fixing his fine at $100. He asks us to reverse the judgment entered on the verdict.

Appellant urges that the lower court erred in not instructing the jury to acquit him of assault and battery for the reason that the evidence did not show that appellant actually struck Meeker, the prosecuting witness. But Gardner, a companion of appellant, after appellant had alighted from the car in which appellant and Gardner were riding, with the announced intention of attacking Meeker, did strike and beat Meeker. As a result, Meeker's jaw was broken and his skull fractured.

While Gardner was beating Meeker appellant was standing nearby.

All persons concerned in the commission of a misdemeanor are guilty as principals. "All who procure, participate in, or assent to the commission of a misdemeanor, are punishable as principals." *Crocker v. State,* 49 Ark. 60, 4 S. W. 197. To the same effect are these decisions: *Hubbard v. State,* 10 Ark. 378; *Sanders v. State,* 18 Ark. 198; *Fortenbury v. State,* 47 Ark. 188, 1 S. W. 58; *Foster v. State,* 45 Ark. 361. And, since the adoption of Initiated Act No. 3 of 1936 (Acts of 1937, p. 1384), the distinction between principals and accessories in all criminal cases has been abolished.

The fact that the jury, in their verdict, somewhat ineptly described the offense as "accessory to assault and battery" is not material. It reflects, however, that the jury concluded that, though no blow was struck by appellant, appellant was standing by, aiding in or encouraging the commission of the assault by Gardner.

It is argued by appellant that the evidence was not sufficient to show appellant's guilt. The testimony disclosed that several young couples—among them appellant, Gardner and Meeker—had been going from one drinking place to another. Most of them, including the girls, acquired varying degrees of intoxication. One of the girls became offended at another girl in the crowd and offered to fight her. The quarrel was then taken up by the boys. The car in which appellant and Gardner were riding was stopped in front of Meeker, and appellant got out of the car, saying he was going to whip Meeker. Meeker protested that he did not know what the fuss was about. At this juncture Gardner came up and said that he could whip Meeker, which appellant allowed him to do.

Under this proof the jury was justified in finding that appellant was not merely a spectator, but was a participant in the fight. *Hunter v. State,* 104 Ark. 245, 149 S. W. 99.

52

Appellant contends that certain instructions given by the lower court were erroneous. We have examined them and find that they correctly stated the principles of law involved. However, appellant made no objection to any of these instructions below. Therefore, even if any of them was erroneous, objection relative thereto could not be raised for the first time in this court. *Baine* v. *State,* 132 Ark. 416, 200 .S. W. 999; *Cegars* v. *State,* 150 Ark. 648, 235 S. W. 36; *Walker* v. *State,* 151 Ark. 394. 236 S. W. 627; *Medlock* v. *State,* 193 Ark. 1179, 101 S. W. 2d 787.

The judgment of the lower court is affirmed.