Billy Joe Cassell, Richard Van Thorn, Billy Joe Thorn and Robert Thomas Thorn v. State

5244                                        412 S. W. 2d 610

Opinion delivered March 13, 1967

[Rehearing denied April 10, 1967.]

*Harkness, Friedman & Kusin,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

J .Fred Jones, Justice, The appellants were arrested for speeding about 3:00 a.m. on the morning of May 5, 1966, in the City of Texarkana, Arkansas. A search of their automobile revealed an assortment of tools and they were arrested, tried and convicted on a charge of possession of burglar's tools and sentenced to two years each in the state penitentiary. They have appealed their conviction to this court.

When arrested on the speeding charge, two walkie-talkie radios were visible through the rear window of

the automobile, three of the occupants were lying down inside the car, gloves were scattered around in the automobile and the driver had a pair of wire pliers protruding from his pocket. During the investigation of the speeding charge, another officer was summoned and subsequent searches of the car's trunk and interior revealed a quantity of tools consisting of forty-seven different items including tire tools, saws, electric drill, hammers, walkie-talkies, several pairs of gloves, extra license plate, pry bars, punches, chisels, sledge hammer, pliers, and four extra pair of shoes.

The police officers testified at the trial that the search was with the consent of the driver, who claimed to be the owner of the automobile. The defendants offered no evidence to refute this testimony.

The appellants have designated the following eight points upon which they rely for reversal:

"1. The Court erred in overruling Defendant's motion to suppress State's testimony concerning arrest.

"2. The Court erred in overruling Defendant's motion to suppress or limit evidence.

"3. The Court erred in overruling Defendant's motion for severance on behalf of Billy Joe Thorn.

"4. The Court erred in overruling Defendant's motion for severance on behalf of Billy Joe Cassell.

"5. The Court erred in overruling Defendant's motion for severance on behalf of Richard Van Thorn.

"6. The Court erred in overruling the objection to the answer given by Officer Copelin on page 43 of the transcript as being not responsive.

"7. The judgments of the trial court are contrary to the evidence.

"8. The judgments of the trial court are contrary to law."

This court has held that a motion for new trial is still required in criminal cases and that Act 555 of 1963 applies only to civil cases. *McConnell* v. *State*, 227 Ark. 988, 302 S. W. 2d. 805. The record before us in this case contains only the trial court's order overruling a motion for new trial and a docket entry specifying that such a motion was made, overruled and an exception taken, but the motion if made, and the grounds upon which it was based, have not been made a part of the record on this appeal.

The appellants contend that the court's ruling in allowing the three investigating officers to testify, and also that the introduction of the tools in evidence was error, but there is no record of a motion for a new trial before us and no bill of exceptions or assignment of error relating to the testimony of those witnesses who introduced the tools into evidence.

In the recent case of *Randell* v. *State*, 239 Ark. 312 389 S. W. 2d. 229, the defendants were arrested and convicted under a charge of possession of burglar's tools. The defendants raised the issue that the court had erred in admitting evidence of certain tools discovered by the sheriff after the defendant's arrest, and on that point this court said:

"To duly preserve a point for presentation to this court in a felony case, like the one here, there must be: (1) an objection; (2) an exception; and (3) the point must be carried forward in the motion for new trial."

As the attorney for the State points out in the case at bar, the third element was and is missing in this case, as it was in the Randell case, supra.

In the earlier case of *Yarbrough* v. *State*, 206 Ark. 549, 167 S. W. 2d, 142, this court had occasion to explain

the necessary procedure in preserving a point on appeal, and we did so in these words:

> "On appeal from the circuit court, this court only reviews errors appearing in the record. The complaining party must first make an objection in the trial court, and this calls for a ruling on his objections. An exception must be taken to an adverse ruling on the objection, which 'directs attention to and fastens the objection for a review on appeal.' The matter complained of, together with the objections and the exceptions to the ruling of the court, must be brought into the record by a bill of exceptions; and the motion for a new trial can serve no other purpose than to assign the ruling or action of the court as error."

This view was reaffirmed in *Chandler* v. *State*, 205 Ark. 74, 167 S. W. 2d. 142, where in reviewing a felony conviction, we said:

> "These assignments of error relate, of course, to matters occurring during the progress of the trial and can only be brought into the record for our review by a bill of exceptions."

The appellants also argue that the trial court erred in overruling the motions for severance made by three of the defendants. This ground has not been brought forward in a bill of exceptions or on a motion for new trial.

The granting of severance is a matter within the sound discretion of the trial court, and the trial court's orders in relation thereto will not be disturbed on appeal unless there is evidence in the record indicating an abuse of discretion. The record before us reveals no such abuse. The judgment of the trial court is affirmed.

Affirmed.

BROWN, J. disqualified and not participating

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. I dissent from that part of the majority opinion that holds that they will not pass upon the alleged errors relating to unlawful search and seizure of an automobile because no motion for a new trial appears in the record. The majority opinion admits, however, that an order was made overruling a motion for a new trial.

In *Henry* v. *State of Mississippi,* 379 U. S. 443, 85 S. Ct. 564 (1965), the court had before it an alleged unlawful search and seizure of an automobile in which the Supreme Court of Mississippi had held that the petitioner had waived his objection to the alleged illegal search because of a procedural requirement that an objection to illegal evidence be made at the time the evidence was introduced. In distinguishing between state substantive grounds and state procedural grounds for purposes of review of federal rights, the United States Supreme Court said:

> "... These cases settle the proposition that a litigant's procedural defaults in state proceedings do not prevent vindication of his federal rights unless the State's insistence on compliance with its procedural rule serves a legitimate state interest. In every case we must inquire whether the enforcement of a procedural forfeiture serves such a state interest. If it does not, the state procedural rule ought not be permitted to bar vindication of important federal rights.

> "The Mississippi rule requiring contemporaneous objection to the introduction of illegal evidence clearly does serve a legitimate state interest. By immediately apprising the trial judge of the objection, counsel gives the court the opportunity to conduct the trial without using the tainted evidence. If the objection is well taken the fruits of the illegal search may be excluded from jury consideration and a reversal and new trial avoided. But on the record

before us it appears that this purpose of the contemporaneous-objection rule may have been substantially served by petitioner's motion at the close of the State's evidence asking for a directed verdict because of the erroneous admission of the officer's testimony. For at this stage the trial judge could have called for elaboration of the search and seizure argument and, if persuaded, could have stricken the tainted testimony or have taken other appropriate corrective action...."

The requirement in our adjudicated cases that the matters brought forward on appeal must be set forth in the motion for a new trial appears to be a carry-over from the procedure in effect at the time the Criminal Code was passed in 1869. It is not supported by the Criminal Code § 332 (Ark. Stat. Ann. § 43-2725 [Repl. 1964]), which specifically provides:

"A judgment of conviction shall only be reversed for the following errors of law to the defendant's prejudice appearing upon record:

First. An error of the circuit court in admitting or rejecting important evidence.

Second. An error in instructing or in refusing to instruct the jury.

Third. An error in failing to arrest the judgment.

Fourth. An error in allowing or disallowing a peremptory challenge.

Fifth. An error in overruling a motion for a new trial."

Furthermore, under Criminal Procedure Rule No. 1, 239 Ark. 850a, appellants, immediately upon affirmance of this decision, will be entitled to apply to this court for

permission to go before the trial court for purposes of having their constitutional rights adjudicated.

Not only does the procedure employed by the majority raise a question as to the constitutional validity of our state procedure under the due process clause, but it in effect sends appellants on a round robin to accomplish what is before the court at this time on a record sufficient to present the issues upon which they rely to reverse their convictions. In fact, this is the first ground set forth in section 332, above, for a reversal.

This round robin procedure, however, does make a difference to appellants, for upon affirmance of the judgment they will be incarcerated in the state penitentiary without right of bond, and under Criminal Procedure Rule No. 1 no provision is made for a bond. Furthermore, they are not entitled to apply to the federal courts for habeas corpus relief on their alleged federal constitutional rights until after they have exhausted their state court remedies. Since they have been sentenced to only two years, our procedure may result in their serving a substantial portion of their sentences before they have obtained a final determination of their constitutional rights. If we should rule on the alleged illegal search and seizure, and should the ruling be contrary to appellants' position, they could remain on bond pending a petition for certiorari to the United States Supreme Court or immediately apply for habeas corpus in the federal district court.

For these reasons, I dissent to that part of the majority opinion which refuses to pass on these questions.