JAMES B. RANDLE AND CLIFFORD L. WRIGHT v.
THE STATE OF ARKANSAS

5351                                434 S.W. 2d 294

Opinion Delivered November 18, 1968
[Rehearing denied December 23, 1968.]

654

*Brown, Compton & Prewett* for appellants.

*Joe Purcell*, Atty. Gen.; *Don Langston*, Asst. Atty. Gen. for appellee.

J. FRED JONES, Justice.    James B. Randle and Clifford L. Wright were charged, in the Columbia County Circuit Court, with the crimes of first degree rape. Randle was also charged with third degree rape. They were tried jointly on their own motion, the jury found them both guilty of first degree rape and they were sentenced to the state penitentiary for periods of thirty years each.

Both defendants have appealed to this court and they rely on the following points for reversal:

"The crime of carnal abuse is included in the offense of rape and the jury should have been instructed on third degree rape.

The appellants were deprived of a fair trial by the urging of the Court for the jury to reach a verdict and leave the sentence and punishment to the Court."

As related to this case, the statutory definition of rape in the third degree as distinguished from rape in the first degree, (Ark. Stat. Ann. § 41-3401 [Supp. 1967]) is as follows:

"A male is guilty of rape in the third degree when: (a) he engages in sexual intercourse with a female or carnally abuses a female who is less than sixteen (16) years old.

\* \* \*

A male is guilty of rape in the first degree when he engages in sexual intercourse with a female:

(a) by forcible compulsion. . . ."

The penalty section of the statute applying to third and first degree rape (Ark. Stat. Ann. § 41-3403 [Supp. 1967]) is as follows:

"\* \* \* Any male, upon conviction of third degree rape, shall be subject to imprisonment in the State Penitentiary for a term of not less than one (1) nor more than ten (10) years.

\* \* \*

Any male, upon conviction of first degree rape, shall be subject to death or thirty (30) years to life imprisonment in the State Penitentiary."

The appellants do not question the sufficiency of the evidence to sustain the conviction, so the evidence will not be set out in detail.

The appellants, Randle and Wright, were married men twenty-eight and twenty years of age respectively when the acts for which they were convicted occurred on July 24, 1967. The victims were two unmarried girls, the younger one being under sixteen years of age on July 24, 1967. The older girl was sixteen years of age at the time of trial and there is nothing in the record to indicate that she was less than that age on July 24, 1967. The younger girl lived with her parents in Hampton, Arkansas, and the older girl lived with her parents in Dallas, Texas. The two girls were cousins. The younger girl had been visiting the older one in Dallas and both girls were returning by bus to Hampton where the older girl planned to visit in the home of the younger one. A married brother of the younger girl, and an aunt of both girls, lived in El Dorado and both girls stopped off in El Dorado to visit with their relatives.

After arriving in El Dorado, the girls went with a relative to a neighbor's house where they saw, but did not formally meet, the appellants. After returning to their relative's home and while the relative was away from the house temporarily on a personal errand, the appellants drove by the house in an automobile and invited the girls to go out for a coke at a nearby drive-in. After having cold drinks at the drive-in in El Dorado, the two couples continued to drive around and drove to Magnolia in Columbia County. On returning from Magnolia they turned off the main highway onto a dirt side road and drove to an isolated oil well site in Columbia County, where Randle had sexual intercourse with the younger girl in the front seat of the automobile while at the same time, Wright had sexual intercourse with the older girl in the rear seat of the automobile.

Both girls and both appellants testified at the trial. The appellants admitted the acts of sexual intercourse, but testified that both girls readily consented

to the acts and engaged in the acts freely, without compulsion and strictly on a voluntary basis. Both girls testified that the acts were accomplished without their consent and through physical force and violence, attended by threats of murder as the penalty for resistance and non-compliance and both girls testified to acts of violence and brute force applied in a most revolting manner. The testimony of both girls was corroborated to some extent by medical testimony following physical examination.

If the jury had believed the testimony of the appellants, Randle would have been guilty of third degree rape, and Wright should have been acquitted. But if the jury believed the testimony of the girls, as it evidently did, the evidence was amply sufficient to sustain the convictions of first degree rape with a penalty even more severe than the minimum of thirty years imprisonment assessed by the jury. The first point relied on by the appellants, however, gives us considerable concern.

As a usual procedure, a defendant requests instructions on a lesser degree of the crime for which he is being tried, and assigns reversible error if the instruction is not given. *Clark* v. *State,* 244 Ark. 778, 427 S.W. 2d 172. But in the case at bar, not only did the defendants fail to request an instruction on third degree rape, the *defendants objected* to giving that instruction when it was requested by the prosecuting attorney. On this point the record is as follows:

"THE COURT:

Mr. Chambers, attorney for the defendant, has objected to giving an instruction on third degree rape as set out in Act 362 and the State has requested an instruction on third degree rape, insisting that same is lesser degree. I am not saying in my ruling that third degree rape as previously

known as 'carnal abuse' is not a lesser degree of first degree rape. The evidence in the case, and it appears in the record, that one of the prosecuting witnesses is under the age of sixteen years, however, at this time it is the ruling of the Court that there is substantial evidence to submit to the jury as to both defendants on first degree rape and I am going to sustain the motion or objection of the defendant and not give an instruction on rape in the third degree.''

This procedure does not reflect on the competency of the appellants' court appointed attorneys. They were assigned an unusual task justifying an unusual, but well-known trial strategy. They were assigned the task of defending a twenty-eight year old married man charged with the rape of a fifteen year old girl, and a twenty year old married man charged with the rape of an apparently sixteen year old girl. Both girls testified as to the crimes committed against themselves and against each other, and certainly it was imperative that the appellants testify in their own defense. The appellants' attorneys obviously adopted the trial strategy of not requesting a jury instruction on a lesser degree of the crime charged when a finding of not guilty on the greater degree would result in a complete acquittal.

In the case at bar one of the appellants had admitted facts constituting the crime of third degree rape. The other appellant had admitted the same acts at the same time and place, but under his testimony he had committed no crime, the difference being, the one year difference in the ages of the girls. So the question actually presented under appellants' first point is whether the trial court committed reversible error in not giving an instruction on the lesser degree over the appellants' objections. We conclude that it did not.

The appellants recognize in their argument that this court has many times held that an appeal may not

be predicated on an error to which no objection has been made, and the appellants agree that this rule should be adhered to except in most unusual circumstances. We do not agree that such exceptional circumstances existed in this case that reversible error occurred in the court's failure to give the instruction over the appellant's objection.

It is true that the *exact age* of the older girl on the date of the offense charged, is not clear in the record. She testified at the time of the trial that she was sixteen years of age and she was not questioned as to her age at the time the offense was committed. In the absence of proof that the older girl was less than sixteen years old, Randle was the only one who could have been found guilty of third degree rape and according to the testimony of both girls, the forceful compulsion employed by Randle was the same as that employed by Wright, except that Randle was more vicious than was Wright in the exercise of the force he employed. According to the girls Randle struck the younger girl at least three times and the older one twice, in his efforts to stop them from screaming, and Wright also struck the older girl at Randle's request. The evidence was amply sufficient to sustain a verdict of guilty of first degree rape against Wright, and if Wright was guilty of first degree rape so was Randle.

We hold in this case, as we have held in others, that where no objections are made at the trial to the instructions of the court, we will not consider alleged errors predicated upon the ruling of the court in giving instructions. *Walker* v. *State,* 151 Ark. 394, 236 S.W. 627; *Cegars* v. *State,* 150 Ark. 648, 235 S.W. 36. An appellant cannot complain of rulings made by the court at the insistence of his own attorneys, (*Sheppard* v. *State,* 239 Ark. 785, 394 S.W. 2d 624) nor complain of invited error. *Anderson* v. *State,* 210 Ark. 548, 197 S.W. 2d 36.

So we hold, in the case at bar, the trial court did not commit reversible error in its failure to instruct the

jury on third degree rape, under the facts and circumstances of this case.

As to appellants' second point, the record shows that after the jury.had been in deliberation for about two hours, it returned to the courtroom for additional information. At the expense of additional length, the record on this point is set out in full in order to preserve its full context. We have italicized that portion of the record emphasized by the appellants as constituting reversible error. The record is as follows:

"At 4:40 P.M., the same day, the jury returned to the Court room, and requested through its foreman, Mr. Harold Ruble, that more evidence be presented in the case, wherefore the Court addresses the jury:

THE COURT:

*We are all in the same pursuit of justice,* a fair and impartial trial to both the State and the dedendant. When we came here, I'd like to impress upon you this, now I don't intend to point to any particular thing, but *we took an oath that we would* try the case solely on the evidence and the law. *I simply tell you this and to impress upon you, that each juror should have a strong conviction of the evidence as to the guilt or innocence and as to the law as to the guilt and innocence of each of these defendants* and how that law applies to the facts as to the respective parties. Do you think if you go back and have an opportunity to deliberate further, can you reach a verdict?

MR. RUBLE:

[Jury foreman] I doubt that we could without seeing any other evidence. Is there any other evidence that could be presented?

THE COURT:

No, sir, they do not have a right to present evidence after the case is closed on behalf of the State, and after the case has been closed on behalf of the defendant. Further, on this point, I say that *each one of you should have a strong mind and conviction to be able to determine in your own mind the guilt or innocense of each defendant. Yet, you should be willing to yield your position to one on the jury who can reasonably be correct.* I simply tell you that in every jury and every criminal case there has to be a diversion of opinion. Yet after you have had an opportunity to discuss it fully and completely on the evidence and law and the law that is given you by the Instructions, and the evidence in the case, that *I feel there can be a harmonious decision by a unity of one jury and one verdict on each case.* I would like for you gentlemen to go out and reconsider it, and *I do not tell you to find for the State, that is, for the guilt or the innocence, I simply tell you to go out and use good judgment* according to the law and evidence. I feel that *you can reach a verdict and I feel that the evidence in another case would not be any clearer that it is in this case.* It would simply be a repetition. You are jurors, I don't want to use coercion, but I feel that if you go out and deliberate these points of law or facts that you are in dispute about, you may reach a verdict. It's fifteen minutes until five. Would you gentlemen . . . did you want to ask a question?

MR. RUBLE:

Is there a chance of being a lesser penalty of a lesser degree of guilt?

THE COURT:

*No, sir. The sentence, the guilt, is either guilt or innocence. I can instruct you this way under*

*the laws of the State of Arkansas if all of you con-
curred in a judgment, or a verdict of guilt, or in-
nocence, that would satisfy the law. In the event
the defendant or each of the defendants are found
'not guilty' they are acquitted. In the event you
elect to find either or both of the defendants guilty,
you can under the Arkansas Statutes, leave the
sentencing and punishment to the Court.*

MR. RUBLE:

That clears it up.

THE COURT:

Does that help you?

(Reporter's Note: Jurors nod affirmatively).

THE COURT:

I would further like to impress upon you that
each of you are separate individuals and each of
you have heard the evidence and I would not want
you to give away or be swayed against your better
judgment as to the justice in this Court, as to a
particular party, and I am restrained from doing
other than telling you the law in the case and the
law that applies to any particular case as to the in-
struction I do not intend to sway any of you from
your own judgment and decision. I simply feel
that if you go back through the evidence and the
law, you might reach a decision, and if you would
not mind elaborating further, say, for fifteen or
twenty minutes, would that be an inconvenience to
any of you?

MR. RUBLE:

What time, sir? Fifteen or twenty minutes
further?

MR. DON FRANKS:

[Member of the jury] We would like to know
if we should decide to leave the sentencing up to

the judge, would the minimum still be thirty years, is that the least that the judge could sentence?

THE COURT:

It is entirely up to the Court to sentence an individual if you want to find him guilty or innocent, if it's innocence, just not sentence him. . If it's a unanimous verdict of the jury to find the defendant, or either of the defendants, guilty, the sentence is entirely up to the court.

MR. DON FRANKS:

You would have to find him guilty in the first degree, right?

THE COURT:

In this particular case, the only instructions before you are rape in the first degree, Does that answer the question?

Reporter's Note:    (Jurors Nod Affirmatively).

MR. RUBLE:

Could we have thirty minutes?

THE COURT:

You can have as long, as far as I'm concerned, as you gentlemen would like.

MR. LOUIS WILSON:

[Member of the jury]  Do you have the discretion of saying what the penalty is, or to specify it thirty or over?

THE COURT:

That is entirely up to the Court.    Now, I might say this, regardless of what a jury might recommend to the Court.

MR. WILSON:

But, it's still up to the jury?

THE COURT:

It is not binding on the Court. The sentence is entirely in the province of the Court. Do I make that clear?

JURORS NOD AFFIRMATIVELY.

THE COURT:

Now you may take as long as you like, or if should you go beyond the . . . I call it the supper, I think some people call it dinner . . . if you go beyond the period that we eat next, if you'd like to remain together, I think that the Court could arrange to have all of you fed together. Now of course I don't want to tell you to use any type of force or persuasion against each other, it's just that I feel you can agree on a verdict, regardless of what that verdict might be in each case, and if you prefer to stay together a little later, that is, solely within your province. If you'd like to stay during the night meal, I think we could arrange to keep you together, if you'd like that. I'll let you gentlemen make that decision.

The jury retired to deliberate further at 4:50 p.m.

*   *   *

The jury returned into open court at 6:05 p.m., November 9, 1967, the following verdict:

THE COURT:

Have you gentlemen reached a verdict?

MR. RUBLE:

Yes.

THE COURT:

Would the defendants stand and face the Jury? Mr. Foreman, would you read the verdicts, please?

MR. RUBLE:

'We, the Jury, find the defendant, James B. Randle, guilty of rape in the first degree, and assess his punishment at thirty years imprisonment in the State Penitentiary.'

The other case, which is 4267:

'We, the Jury, find the defendant, Clifton [sic] Laurence Wright, guilty of rape in the first degree, and assess his punishment at thirty years imprisonment in the State Penitentiary.' "

We are of the opinion that the appellants have interpreted the court's remarks out of the context in which they were made. For example, the appellants argue that on page 224 of the transcript, the court said:

"I simply tell you this, and to *impress* upon you, that each juror should *have a strong conviction* of the evidence as to the guilt or innocence . . ."

what the court actually said was this:

"I simply tell you this and to impress upon you, that each juror should have a strong conviction of the evidence as to the guilt or innocence and as to the law as to the guilt and innocence of each of these defendants and how that law applies to the facts as to the respective parties."

We do not attribute to the trial court's remarks the same interpretation and effect that the appellants do. The record is no more indicative that the jury was influenced by the age of the girls, as argued by appellants, than it was by the ages and marital status of the appellants. The record is no more indicative that the jury desired to return a verdict for third degree rape than it is that the jury did not want to risk a sentence for less than thirty years in the hands of the trial judge.

In *St. Louis I. M. & S. R. Co.* v. *Carter*, 111 Ark. 272, 164 S.W. 715 we approved an admonition to the jury by the trial court "not to be stubborn and to lay aside all pride of opinion and to consult with each other and give due regard and weight to the opinion of their fellow jurors," and we conclude that the trial court did no more in the case at bar.

We conclude that the trial court simply attempted to answer the jurors' questions without influencing their verdict, and when the statements are considered in their full context and in the light of the written instructions, the trial court did not commit reversible error, or abuse its discretion, in answering the questions asked by the jurors and in requesting the jury to deliberate further in their effort to reach a verdict. We do not overlook the fact that the jury did not leave the punishment to the trial court. The jury not only found both defendants guilty of first degree rape, the jury assessed the minimum penalty of thirty years in each case. If the minimum penalty provided for the crime of first degree rape is too severe, that is a matter that addresses itself to the legislature and not to a jury or this court. If the penalties assessed against the appellants, or either of them, are too severe under the facts of this case, that is a matter that addresses itself to executive clemency and not to this court.

We have found no reversible error in the record before us and we conclude that the judgments should be affirmed.

GEORGE ROSE SMITH, BROWN and FOGLEMAN, JJ., concur.

BYRD, J., dissents.

GEORGE ROSE SMITH, Justice, concurring. I express no opinion on the second point discussed by the

majority. That issue is not before us, because no exceptions were saved to the court's action. *Stockton* v. *State*, 239 Ark. 228, 388 S.W. 2d 382 (1965).

LYLE BROWN, Justice. I concur in the results as to both points. However, as to the first point, I believe that if the prosecuting attorney offers an instruction which is proper under the evidence, justice would be better served if it were given. In other words, the fact that counsel for defendant may want to "gamble" is not sufficient reason to refuse it. Here the court refused (without objection) an instruction on the lesser degree of the crime because the defendant did not want it given. Undoubtedly, the counsel thought the jury would not convict his client of first degree rape, but might convict him of third degree rape.

I express no opinion on the second point. The record does not show that the court was asked to rule on the objection; in fact, it is not shown that it was even presented to the trial court. When the objection was made, the jury had been sent back to deliberate, which action is usually followed by an immediate recess. How are we to know but what the objection was simply dictated to the reporter out of the hearing of the trial judge? At least it was incumbent on the trial attorney to protect his record; so if the motion was presented to the judge and he refused to rule, that fact could easily be made to appear in the record. Certainly we cannot assume, absent a record to support it, that the trial judge neglected his duty.

FOGLEMAN, J., concurs in my position on the second point.

CONLEY BYRD, Justice. As I read the judge's remarks, he told the jury that "each of you should have a strong mind and conviction to be able to determine in your own mind the guilt or innocence of each defendant. Yet, you should be willing to yield your position

to one on the jury who can reasonably be correct." Subsequently, he told the jury "in the event you should elect to find either or both of the defendants guilty, you can under the Arkansas statutes, leave the sentencing and punishment to the court." Counsel for the defendants objected to the remarks of the trial court, but the record does not show a ruling thereon. As I pointed out in the dissent in *Cassell* v. *State,* 242 Ark. 149, 412 S.W. 2d 610 (1967), the failure to save an exception to the ruling of the court does not waive the defendant's constitutional rights. In *Ward* v. *State,* 236 Ark. 878, 370 S.W. 2d 425 (1963), we held that it was reversible error for the judge to instruct the jury that they could leave the sentencing to him before the jury had arrived at the guilt or innocence of the defendant.

When the court's instructions are put together, it appears to me that the trial judge suggested to the jury that they should find the defendant guilty and leave the sentencing to the court.

For this reason, I dissent.