C. W. SPRATT *v*. STATE of Arkansas

CA CR 79-7                         590 S.W. 2d 65

Opinion delivered November 7, 1979
Released for publication November 28, 1979

*James W. Haddock* of *Holloway & Haddock,* for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* Asst. Atty. Gen., for appellee.

ERNIE E. WRIGHT, Chief Judge. This appeal to the Arkansas Supreme Court has been assigned to the Court of Appeals pursuant to Rule 29(3).

Appellant was convicted by a jury in Chicot County Circuit Court of battery in the first degree in violation of Ark. Stat. Ann. § 41-1601, and from the judgment brings this appeal asserting the following point for reversal.

> The trial court erred by reading two separate and distinct charges and informations against the appellant to the entire prospective jury panel and the prosecuting attorney in his voir dire made mention of separate and distinct felony charges pending against the appellant other than the charges of one felony to be tried on March 29, 1979 in the Circuit Court of Chicot County, Arkansas.

In addition to the charge of first degree battery, appellant was subsequently charged in a separate information with the offense of terroristic threatening against the same individual involved in the battery charge.

At a pre-trial hearing on February 23, 1979 with counsel for the State and appellant present and participating, the court, without objection, set both cases for trial on March 29, 1979 at 1:00 o'clock P.M. The order setting the cases for trial included the docket number of both cases and bore the clerk's notation that copies of the order were mailed to the attorneys on February 23, 1979. The order contained a provision stating, "No change in this setting will be made except on written order of the court obtained not less than five (5) days prior to trial."

On trial date, upon all parties announcing ready for trial, the judge proceeded with preliminary steps to qualify a jury for the joint trial of the two cases pursuant to the prior order setting them for trial at the same hour, and read to the jurors the two charges against appellant. Counsel for appellant then announced he was not aware the charges were to be tried together, and moved to sever and for a mistrial because of both charges being read to the jury. The court granted separate trials, and announced the battery charge would be tried. The judge, out of the presence of the jury, overruled the motion for mistrial.

The prosecuting attorney during voir dire asked a question of a juror to clarify whether the juror was referring to the battery charge or the other charge in stating he had knowledge of the matter. The juror was excused by the judge.

Appellant argues the reading of the two charges by the judge and the reference to the second charge by the prosecuting attorney during voir dire constituted prejudicial error.

The appellant had knowledge as early as February 23, 1979 that the cases were set for joint trial on the same date and hour. He had ample opportunity to request separate trials and did not do so. We conclude under the circumstances here, the appellant invited any error in both charges being read to the jury. After charges had been read, no prejudice resulted in the prosecuting attorney inquiring of the juror on voir dire as to which charge he had knowledge. The juror had not identified the charge as to which he had knowledge. The appellant made no request for an admonishment by the court to the jury to disregard any mention of any second charge. *Randle* v. *State,* 245 Ark. 653, 434 S.W. 2d 294 (1968).

Affirmed.