1060

## David MILLER v. STATE of Arkansas

5808                                                   490 S.W. 2d 445

Opinion Delivered February 19, 1973

*Carpenter, Finch & McArthur,* for appellant.

*Rodney Parham,* Atty Gen., by: *Frank B. Newell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged by separate felony informations with two violations of Article IV of Act 590 of 1971 (Controlled Substance Act); namely, the alleged delivery (sale) of marihuana and codeine. Ark. Stat. Ann. § 82-2617 (1971 Supp.). Subsequently, the charges were reduced to misdemeanors. The trial court, sitting as a jury, found appellant guilty on both charges and sentenced him on each offense to one year confinement with six months suspended.

For reversal of the marihuana conviction appellant asserts that the evidence is insufficient to sustain the

verdict "on which another defendant had entered a plea of guilty and had been sentenced." He recognizes that in misdemeanors there is no distinction between accessories and principals. *Hubbard* v. *State,* 10 Ark. 378, 5 Eng. 378 (1850). In *Price* v. *City of Trumann,* 213 Ark. 50, 209 S.W. 2d 284 (1948), we reiterated that "'[A]ll who procure, participate in, or assent to the commission of a misdemeanor, are punishable as principals.'" Furthermore, the distinction between accessories and principals has been abolished in all criminal cases. Ark. Stat. Ann. § 41-118 (Repl. 1964), (Init. Acts No. 34, 1936, Acts 1937, p. 1384). He maintains, however, there is no proof of his guilt as principal. We cannot agree.

On appeal we review the sufficiency of the evidence with all reasonable inferences deducible therefrom in the light most favorable to the appellee and if there is any substantial evidence to support the finding of the trier of facts, we must affirm. *Mumphrey* v. *State,* 251 Ark. 25, 470 S.W. 2d 589 (1971). In the case at bar, a police officer, working undercover for the narcotics division, testified "the defendant [appellant] there, David Miller, wanted to know if I'd like to buy some grass *** and told me it was fifteen dollars a lid, so I told him I'd take two lids." "Ronnie [Brown, co-defendant] reached under the [car] seat and he gave it to Miller and Miller handed it to me, and I handed Miller the money and Miller handed the money to Ronnie Brown." Miller was driving the car. The substance purchased was analyzed and identified as marihuana. Although Brown pleaded guilty to the sale of marihuana, we find the recited evidence, when viewed most favorably to the state, is amply substantial to support the finding that appellant, also, was an active participant in the illegal transaction and guilty as a principal.

Neither can we agree with appellant's contention that the evidence is insufficient to sustain the verdict as to the sale of codeine "in that the State failed to prove that the drug involved was one that would be listed in any of the schedules as a 'controlled drug'." Appellant admitted that he offered to sell the officer some "reds" or codeine and about an hour after the marihuana sale appellant returned, as agreed, and sold this same officer 40 tablets with codeine which he had acquired by a pre-

scription for his own use as a muscle relaxant. It is argued that no proof was presented to show that these Soma tablets with their codeine content are included in the Act. Appellant was charged uner Ark. Stat. Ann. § 82-2617 (1971 Suppl.), which provides:

"Criminal penalties. — (a) *** it is unlawful for any person to *** deliver *** a controlled substance.

(1) Any person violates this subsection with respect to: * * *

(iv) a substance classified in Schedule V, is guilty of a crime and upon conviction may be imprisoned for not more than one [1] year, fined not more than $5,000, or both; "

§ 82-2613 provides that "[T]hat the controlled substances listed" in Schedule V include:

"(b) Any compound, mixture, or preparation containing limited quantities of any of the following narcotic drugs, which also contains one or more nonnarcotic active medicinal ingredients in sufficient proportion to confer upon the compound, mixture, or preparation, valuable medicinal qualities other than those possessed by the narcotic drug alone:

(1) Not more than 200 milligrams of codeine, or any of its salts, per 100 milliliters or per 100 grams;"

It is undisputed that appellant sold 40 pills each containing one quarter or 16 milligrams of codeine. The criteria for inclusion in Schedule V is that "(1) the substance has low potential for abuse relative to the controlled substances listed in Schedule IV." § 82-2612. In our view the proof is sufficient to subject the codeine tablets to inclusion under Schedule V as a "controlled substance." There was testimony, as indicated, that the tablets contained 16 milligrams or one quarter grain of codeine and were available only be prescription. The compound or mixture (tablets) was medically prescribed for appellant's use to "relieve pain in the back." Obviously the prescription, with codeine, contained active medicinal ingredients which conferred upon the

tablet valuable medicinal qualities. Therefore, although appellant legally possessed the tablets by a prescription, his sale of the compound or mixture is clearly prohibited by the Act and makes him subject to the criminal penalties therein.

Affirmed.