## ELBERT GRISSOM *v.* STATE OF ARKANSAS

5821                                        491 S.W. 2d 595

Opinion delivered March 19, 1973

*Richard L. Proctor,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gene O'Daniel,* Asst.
Atty. Gen., for appellee.

LYLE BROWN, Justice. At approximately 3:00 a.m. on
April 6, 1972, Sheriff Doug Batey of Clay County and
two of his deputies went to the home of appellant. Gris-
som's daughter had sworn out a warrant because Gris-
som had threatened to kill her. Grissom took the officers
by surprise and killed all three of them. A single informa-
tion was filed, charging Grissom with the three deaths.
He was tried in Cross County on a change or venue, found
guilty and given three life sentences. Five points are re-

lied upon for reversal. They will be enumerated as they are discussed.

POINT I. *The trial court erred in refusal to grant appellant's first motion for continuance.* The case was set for trial for August 22, 1972. On August 11 there was a hearing at Jonesboro on defendant's motion for continuance. It was argued that an amended information had been filed on August 2 and the defense had not had time to prepare for trial on the basis of that charge. The three original informations each charged appellant with separate killings; the amended information did nothing more than consolidate the three charges. Hence there was no merit in that pleading. Counsel for appellants insisted that their client had not been made available to them until August 8, since appellant was in jail in Craighead County, one of the attorneys lived in Clay County, and the other in Cross County. Counsel for appellant did not explain any prejudice that had resulted because of lack of frequent communication with their client. The next argument advanced for a delay was that appellant had not been furnished a list of witnesses. The prosecuting attorney assured the court that the list would be forthcoming immediately. Considering the wide latitude of discretion possessed by the court in such matters, and in further consideration that appellant's counsel did not at that hearing contend any prejudice, we cannot say the court committed error.

POINT II. *The court refused to order a mental examination of appellant, at county expense, by a psychiatrist engaged in private practice.* (A mental examination was provided through the State Hospital at State expense.) We held contrary to appellant's point in the case of *Hale* v. *State,* 246 Ark. 989, 440 S.W. 2d 550 (1969).

POINT III. *The court erred in refusing a continuance immediately prior to trial.* On the morning of the fixed trial date, appellant presented another motion for continuance. It was contended that the names of the State's witnesses had not been timely furnished. A list of 43 witnesses was furnished defendant's counsel on August 15; another list of six more was furnished on August 16; and three more names were furnished on August 19. In the first place the motion was rather tardy in that it was submitted in a matter of minutes prior to the hour

set for trial; secondly, appellant makes no contention in his brief that the time of furnishing the lists caused him any prejudice. As we answered a similar contention in *Baker* v. *State,* 215 Ark. 851, 223 S.W. 2d 809 (1949): "[N]o prejudice was shown to have been suffered by the defendant." Secondly, under this point appellant asked for, and was denied, a continuance because he had come into possession of certain funds with which to begin psychiatric examination. The court did not abuse its discretion in rejecting the request. The funds were said to have come into appellant's possession four days before the trial. The case had been transferred to another county on a change of venue and a full panel of jurors had been summoned for duty; and over forty witnesses were in attendance. The court may well have concluded that under the circumstances the request had not been timely made, that is, in time to have saved the expense of jurors and witnesses. That reason might not have alone been sufficient, but there was the added fact that claimant had been given an examination by the staff of the State Hospital and there was no evidence of psychosis.

POINT IV. *The court erred in allowing the widows of the victims to testify.* Objection was made by counsel for appellant to a certain line of testimony by the first widow who testified, the objection was sustained and the court by appropriate admonition restricted the type of questions to be propounded. We have examined the testimony of the widows and we percieve nothing prejudicial. The questions propounded elicited the residence of the deceased officers and the circumstances under which they left their homes on the night of the slayings, very little more. Again, we are unable to say the trial court abused its discretion.

POINT V. *The court should have granted a mistrial because of the lack of time to prepare for the defense of insanity.* This point is substantially repetitious of an argument advanced under Point III. Further comment is unnecessary except to say that we have considered the point and find it to be without merit.

Affirmed.

FOGLEMAN, J., not participating.