## Jimmy MERRITT *v.* STATE of Arkansas

CR 75-93                                      528 S.W. 2d 365

Opinion delivered September 29, 1975

*McArthur, Lofton & Wilson, P.A.*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Gary Isbell*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was found guilty by a jury of the delivery of heroin in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1973) and his punishment was assessed at seven years in the State Department of Correction. Appellant first contends for reversal that the evidence is insufficient to sustain the verdict. We cannot agree.

Appellant recognizes that, in testing the sufficiency of the evidence on appeal, we consider only that evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee and if any substantial evidence

exists, we must affirm. *Miller v. State,* 253 Ark. 1060, 490 S.W. 2d 445 (1973). Here, it appears that the thrust of appellant's argument is that the statute requires something of value be received by appellant for the delivery of a controlled substance and the state's proof is deficient in that respect. Appellant asserts the sale was complete before he received anything of value. The state adduced evidence that a narcotics officer had negotiated with appellant about selling him some heroin. The appellant requested $100 for a gram. The officer refused to give it to him since he did not know him well enough. However, as requested by appellant, the officer gave the money to appellant's female confederate when she arrived. She and the appellant then left together and returned approximately twenty minutes later. The appellant's accomplice delivered the heroin to the officer at which time she and the appellant identified the substance to the officer as being heroin. The appellant then asked the officer to give him "a portion of the heroin for getting it for him." The officer refused. However, he gave him $10. The evidence is amply sufficient that appellant was an active participant in the transaction. *Miller v. State, supra.*

Neither can we agree with appellant that the testimony of the state's expert witness, a chemist employed by the State Health Department, should have been excluded. It appears that the objection to his testimony was based upon the asserted right of the appellant to have the substance (heroin) examined and analyzed by an independent chemist or by someone other than an employee of an agency of "the State who works hand in hand with the law enforcement agencies." We have rejected a similar argument in the recent case of *Hale v. State,* 246 Ark. 989, 440 S.W.2d 550 (1969). See also *Upton v. State,* 254 Ark. 664, 497 S.W.2d 696 (1973); and *Grissom v. State,* 254 Ark. 81, 491 S.W.2d 595 (1973). Here, suffice it to say that the record does not reflect that appellant was ever refused a request to have the substance (heroin) examined by an expert witness of his own choosing.

Affirmed.