Charles K. SMITH *v.* STATE of Arkansas

CR 75-102                                    528 S.W. 2d 389

Opinion delivered October 6, 1975

*Shaver & Shaver,* by: *Tom B. Smith,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Terry R. Kirkpatrick,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was found guilty of possession of marijuana with the intent to deliver in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1973). A three year sentence in the State Department of Correction was imposed. We first consider appellant's contention that his conviction for possession with intent to deliver was contrary to the evidence and the state failed to meet its burden of proof. Appellant initially argues that most of the state's principal witnesses were "admitted drug users and sellers" and their "admitted character and lack of truthfulness" so impeached their credibility that a conviction upon the testimony of these

witnesses is contrary to justice and should not be sustained. We cannot agree because the credibility of witnesses and the weight accorded to their testimony is solely within the province of the jury. *Murchison v. State*, 249 Ark. 861, 462 S.W. 2d 853 (1971); *Clark v. State*, 246 Ark. 1151, 442 S.W. 2d 225 (1969); and *Rayburn v. State*, 240 Ark. 264, 398 S.W. 2d 909 (1966). Certainly it cannot be said that their testimony is so inherently improbable and unbelievable that reasonable minds could not differ.

An arresting officer testified that he had information the appellant and a codefendant were in town for the purpose of selling a quantity of marijuana at a certain place and hour. The officer was waiting there when he saw the appellant drive up followed by a pickup truck. With consent, the officer searched the vehicle appellant was driving and retrieved a box which, according to the evidence, contained marijuana. The witness, who was driving the pickup truck, testified he purchased a "lid" from the appellant that afternoon and marijuana was being kept in the box under the seat where the officer found it. This witness further testified that when he drove onto the parking lot to purchase the drug, he asked the appellant if he had the marijuana and he responded "yes." Another witness testified that appellant admitted the "pot" was his. Although the state adduced other testimony to meet its burden of proof, the recited evidence alone is amply substantial when we consider it in the light most favorable to the state as we must do on appeal. *Miller v. State*, 253 Ark. 1060, 490 S.W. 2d 445 (1973).

Appellant further asserts that the trial court erred in permitting the state's expert witness, a chemist, to testify with respect to a chemical analysis. Appellant first argues that the chain of possession of the marijuana was incomplete because only a carbon copy of the receipt, whoch showed delivery to the chemist by the officer, was introduced. Suffice it to say there is no evidence which indicates that the carbon copy is not an exact duplicate of the original. Neither can we agree with appellant that the copy should be excluded under the best evidence rule. In *Lin Mfg. Co. of Ark. v. Courson*, 246 Ark. 5, 436 S.W. 2d 472 (1969), we said:

> The best evidence rule comes into play when the contents of a writing or its exact wording is an issue in the case. When, as in the case at bar, the existence of the writing is merely a collateral matter, the rule does not apply.

In our view this rule of law is applicable in the case at bar. The purpose of the introduction of the receipt was to establish evidence as to a chain of possession by showing a delivery was made. It was not for the purpose of establishing the terms of a writing. Neither can we agree with the appellant that the receipt was deficient as to identification purposes. It contains the name of the deliverer (the officer) and the recipient (the chemist); describes the evidence delivered; and indicates the charges, the names of the suspects involved and the date and time of the delivery to and receipt by the Arkansas Department of Health.

Appellant also argues that the testimony of the chemist was not admissible because he was not properly qualified as an expert. It is well established that the determination of an expert's qualifications as a witness is within the sound discretion of the trial court and, absent an abuse of discretion, we do not reverse its decision. *Ray v. Fletcher*, 244 Ark. 74, 423 S.W. 2d 865 (1968); and *Firemen's Insurance Co. v. Little*, 189 Ark. 640, 74 S.W. 2d 777 (1934). In the case at bar, the chemist has a degree in chemistry; has worked for the Arkansas Department of Health for the past two years; had received a three to four months' in-service training in a drug abuse lab; had examined hundreds of samples to determine if they contained controlled substances; and testified many times in various courts on the subject of chemical analysis. We have no hesitance in holding the trial court did not abuse its discretion in determining the chemist sufficiently met the qualifications of an expert witness.

Appellant next contends that the trial court erred in refusing to admit, for impeachment purposes, the previous written statement of a state's witness into evidence. At trial, this witness admitted that his previous written statement was untrue. The court permitted the contents to be read to the jury; however, the court refused to admit it as an exhibit. We

perceive no error. Where, as here, the witness admits he has made a contradictory statement, further proof becomes unnecessary and is inadmissible for impeachment purposes. *Humpolak v. State,* 175 Ark. 786, 300 S.W. 426 (1927).

Appellant's final contention is that the court violated his constitutional right of equal protection of the laws by sentencing him to three years in the state penitentiary and then placed his codefendant on probation for three years. Appellant argues that the only factual difference between appellant and his codefendant in the sentencing procedure is that his codefendant pleaded guilty and appellant demanded a jury trial. Therefore, appellant argues that his demand for a jury trial resulted in a harsher sentence and a disparity of sentencing is a violation of his constitutional rights which guarantee equal justice for all. To this effect appellant cites *United States v. Wiley,* 278 F. 2d 500 (7th Cir. 1960) and *Hess v. United States,* 496 F. 2d 936 (8th Cir. 1974). We deem these cases inapplicable. In *Wiley* the court said:

> The record abundantly shows that the court was fully informed as to the serious prior criminal records of convictions of all of Wiley's co-defendants. **** The trial court's own remarks show that he considered Wiley 'a minor participant who stood trial.'

Even so, the trial court imposed a harsher sentence on Wiley than the other who pleaded guilty. Based upon this disparity in sentencing, the court set the sentence aside and remanded the cause with directions. The concurring opinion noted that the trial court stated it was his policy not to consider probation for a defendant who demands a jury trial. In *Hess,* the trial court indicated a harsher sentence was imposed because the defendant chose to exercise his constitutional right to a jury trial. In the case at bar, there is no evidence whatsoever that the court's sentence was influenced by the fact the appellant exercised this right. Furthermore, there was ample evidence that the activities of the appellant indicated that he was active to a greater extent in illegal drug traffic than was his codefendant. No doubt the trial court properly took this into consideration. It is well established that the trial court is accorded great discretion to impose sentences within the legal

limits as well as to suspend sentences. *Thornton* v. *State*, 243 Ark. 829, 422 S.W. 2d 852 (1968). In the case at bar, the appellant has not demonstrated any abuse of discretion.

Affirmed.