Kozy KITCHEN *v.* STATE of Arkansas

CR 78-97                                 572 S.W. 2d 839

Opinion delivered November 13, 1978
(Division I)

*Robert B. Lamb,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of rape (Ark. Stat. Ann. § 41-1803 [Supp. 1977]), carnal abuse in the first degree (§ 41-1804), and carnal abuse in the third degree (§ 41-1806). His punishment was assessed at forty-five years, ten years and one year, respectively, in the Department of Correction. Appellant first contends that the court erred in denying his motion to quash the jury panel. We must agree.

Appellant's trial was scheduled for Monday, February 20, 1978, a legal holiday, at 9 a.m. When appellant and his counsel arrived for trial, it was discovered that the prospective jurors had not been notified to appear in court. Thereupon, the court instructed the sheriff's and clerk's offices to call a portion of the jury panel, requiring them to be present in the courtroom at 1 p.m. that day. In the interim, appellant's counsel duly filed a motion to quash and orally voiced his objection to this procedure. The court denied them, finding that no prejudice would result. About one-third (70) of the two hundred prospective jurors on the original panel were notified by 1 p.m. to appear. The sole method of summoning them to appear was by telephone. The sheriff advised the court that he had done his best to notify all the prospective jurors and non-attendance was because of mileage or the jurors could not be contacted. The court found that a sufficient number of the jurors drawn had been notified to provide a sufficient panel of qualified petit jurors, and, as indicated, appellant's written and oral motions to quash were denied.

Appellant recognizes that Ark. Stat. Ann. § 39-210 (Supp. 1977) permits jurors to be summoned by certified mail, telephone, personal summons, or other methods permitted by law. However, appellant invoked Ark. Stat. Ann. § 39-215 (Supp. 1977) which reads that a challenge "shall be

sustained by the Court if it shall appear that there was a substantial irregularity in the drawing or summoning of the jury. . . . " Appellant argues here and before the trial court that the notice of less than four hours is unreasonable and is a substantial irregularity in the summoning of a jury. Appellant insists that this short notice could only result in reaching prospective jurors known to the sheriff who had telephones at their homes or places of employment, and that since two-thirds of the prospective jurors were not contacted in the initial summoning for the case at bar, it resulted in the exclusion of a large class of eligible jurors. He asserts that this is a larger excluded class than the "farmer exclusion" of 25 or 30 prospective jurors in *Hall* v. *State,* 259 Ark. 815, 537 S.W. 2d 155 (1976). There we disapproved the practice of excluding all farmers during the farming season of the year without requiring them to appear and ask to be excused. We held this was impermissible since it constituted a deliberate and systematic exclusion of a large class of jurors. Here, in response, the state relies upon *Huckaby* v. *State,* 262 Ark. 413, 557 S.W. 2d 875 (1977). There we held that it was permissible to summon *additional* jurors, during a recess, by telephone since it was within the trial court's "discretion to approve the most expeditious method of bringing in more jurors after the trial was already in progress." Here the *initial* summoning of prospective jurors for the trial of this case was solely by telephone upon four hours' notice. We are of the view that our holding in *Huckaby* should not be extended to approve this procedure. The situation here more closely approaches the factual situation presented in *Hall* which we held resulted in a systematic exclusion of a large class of prospective jurors in the initial summoning procedure.

It is next insisted that the jury verdict is not supported by substantial evidence. The state adduced evidence by the victims, appellant's stepdaughters, detailing the alleged offenses as well as corroborating evidence. The credibility of the witnesses and any contradictions and inconsistencies in their testimony were for the jury to resolve. *Barnes* v. *State,* 258 Ark. 565, 528 S.W. 2d 370 (1975); *Scott* v. *State,* 254 Ark. 271, 492 S.W. 2d 902 (1973). In view of a retrial, we deem it unnecessary to recite in detail the evidence. We hold that it is amply sufficient when viewed most favorably to the appellee, as we must do on appeal, to constitute substantial evidence.

582

For the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.

FOGLEMAN, J., dissents.