Robert Lee WHITE *v.* STATE of Arkansas

CR 78-200                                    585 S.W. 2d 952

Opinion delivered September 17, 1979
(Division II)

*Mark W. Nichols,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. In accordance with a jury verdict, appellant was sentenced to life imprisonment for rape (see Ark. Stat. Ann. § 41-1803 [Repl. 1977]). 20 years for burglary (see Ark. Stat. Ann. § 41-2002 [Repl. 1977]), and 20 years for criminal attempt to commit first degree murder (see Ark. Stat. Ann. §§ 41-701, 41-703 and 41-1502 [Repl. 1977]). The sentences are to run consecutively.

Appellant first contends, through present counsel, that there is no substantial evidence to support the conviction of attempt to commit murder in the first degree. On appellate review, we affirm if there is any substantial evidence, when viewed most favorably to the appellee, to support the jury's findings. *Pope* v. *State,* 262 Ark. 476, 557 S.W. 2d 887 (1977); and *Merritt* v. *State,* 258 Ark. 558, 528 S.W. 2d 365 (1975). § 41-701 provides:

> A person attempts to commit an offense if he:
>
> . . .
>
> (b) purposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as he believes them to be.

§ 41-1502 provides:

> (1) A person commits murder in the first degree if:
>
> (a) acting alone or with one or more other persons, he commits or attempts to commit a felony, and in the course of and in the furtherance of the felony, or in immediate flight therefrom, he or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life; or

(b) with the premeditated and deliberated purpose of causing the death of another person, he causes the death of any person.

Appellant argues that his conviction cannot be sustained under either subsection of § 41-1502 (1) in that the state did not prove premeditated and deliberated conduct as required under subsection (b), and that there is no "attempted felony murder rule in Arkansas" as codified in subsection (a). Appellee responds that the two subsections, however, are set forth in the alternative. Therefore first degree murder may be proven under either, and appellant attempted to commit murder as defined in section (1).

According to the Commentary, § 41-1502 (1) (a) "carries forward the felony murder doctrine. The Code provision differs from earlier law in that liability arises for a killing in the course of and in furtherance of *any* felony . . . . " The intent to kill is immaterial. The scope of the statute has been limited only by a requirement that the death occur under "circumstances manifesting extreme indifference to the value of human life." Appellant relies on pre-code cases in support of his assertion that the crime of attempted felony murder, as charged here, does not exist. However, in *Stout* v. *State*, 263 Ark. 355, 565 S.W. 2d 23 (1978), a case under the present code, there was, as here, no actual killing. We affirmed the life sentence of the accused for attempted capital murder of a police officer citing § 41-701 *supra*, combined with § 41-1501. It follows that sufficient proof of an attempt to kill a person as defined by §§ 41-701 and 41-1502 (1) (a) constitutes a criminal offense.

In the case at bar the evidence is amply substantial to support the conviction of criminal attempt to commit murder. At approximately 3 a.m., appellant entered the Ballance home through a window. Mrs. Ballance and her children were asleep in the living room. During the 30 to 40 minutes appellant was inside the house, he continuously threatened to kill members of the Ballance family. He periodically aimed his gun at various members and fired two shots at Mr. Ballance, barely missing him on both occasions. Mr. Ballance testified that one bullet "was close, just above

my head. . . " "[Y]ou could feel it." Appellant, identified by the Ballances, then raped Mrs. Ballance. Certainly the jury could find that the shots constituted a "substantial step in a course of conduct intended to culminate in the commission of [the] offense" of murder "in the course of and in the furtherance of the" commission of the felonies of burglary and rape "under circumstances manifesting extreme indifference to the value of human life". See §§ 41-701 and 41-1502 (1) (a). Appellant also argues that the shots were fired merely as warnings and that there were numerous opportunities to kill Mr. Ballance had that been his intent. It was for the jury to resolve any discrepancies, conflicts and inconsistencies in the testimony of the witnesses. *Scott* v. *State*, 254 Ark. 271, 492 S.W. 2d 902 (1973); and *Stout* v. *State, supra*.

Appellant also contends that there is no substantial evidence to support the conviction for burglary. He argues that the appellee failed to prove that he entered the house with the purpose of committing a felony. Ark. Stat. Ann. § 41-2002 (Repl. 1977) provides:

(1) A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment.

The evidence previously recited is amply substantial to sustain the jury's finding that appellant committed the offense of burglary.

Appellant's next contention for reversal relates to the sufficiency of an instruction. The court instructed the jury in the statutory language which defines criminal attempt. § 41-701. Appellant argues that the court erred in failing to instruct the jury on the underlying offense of murder in the first degree. Appellant made only a general objection to the instruction. He stated no specific matter to which he objected nor the grounds for the objection. Neither did appellant proffer an instruction to which he now asserts he was entitled. Having failed to make a specific objection to the instruction given or to request an additional instruction, the issue cannot

be raised for the first time on appeal. *Bousquet* v. *State*, 261 Ark. 263, 548 S.W. 2d 125 (1977).

Appellant next contends that he was denied the right of allocution which is accorded to him by Ark. Stat. Ann. § 43-2303 (Repl. 1977). It provides:

> When the defendant appears for judgment . . . . he must be asked if he has any legal cause to show why judgment should not be pronounced against him.

In *Rogers* v. *State*, 265 Ark. 955, 582 S.W. 2d 7 (1979), we reiterated that the purpose of the statute was to give the accused, upon sentencing, an opportunity to show any cause why sentence should not be pronounced. Where a question is addressed to the defendant which affords him an opportunity to express why sentencing should not be pronounced, it is unnecessary that the precise language of the statute be used. *Clark* v. *State*, 264 Ark. 630, 573 S.W. 2d 622 (1978). Here, following the jury verdict, the court asked appellant, "Have you anything to say?" Appellant responded, "No, sir." On appeal the appellant urges that he would have requested that the sentence be postponed on the ground that he was insane, and stated that he had been under the influence of drugs on the night of the crime, had he "been allowed to speak." However, appellant was allowed to speak. Also appellant was present with counsel and no objection was raised to the procedure followed by the court. We have held that even in capital cases it is necessary to make an objection in the trial court in order to raise the issue on appeal. *Hulsey* v. *State*, 261 Ark. 449, 549 S.W. 2d 73 (1977), cert. den. 439 U.S. 882, 99 S. Ct. 220, 58 L. Ed. 194 (1978). Here, appellant has not demonstrated he was denied his right of allocution.

Affirmed.

We agree: HARRIS, C.J., and BYRD and PURTLE, JJ.