James Francis COOLEY *v.* STATE of Arkansas

CR 80-149                                607 S.W. 2d 386

Supreme Court of Arkansas

Opinion delivered November 17, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Linda Faulkner Boone*, Deputy Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. The only question presented by this appeal is whether the evidence is sufficient to support a conviction of battery in the second degree. A person commits battery in the second degree if he purposely causes physical injury to any person by means of a deadly weapon. Ark. Stat. Ann. § 41-1602(1)(b) (Repl. 1977). A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result. Ark. Stat. Ann. § 41-203(1) (Repl. 1977).

On August 24, 1979, appellant, James Francis Cooley, was a passenger on a Greyhound bus en route to Memphis, Tennessee. Shortly before reaching a bus terminal in Stuttgart, Arkansas, the bus driver, Jesse Russell, felt something hit him on top of the head. He was dazed for a few seconds and then noticed appellant standing in front of him with a knife in his hand. Bleeding about the head and not knowing what to expect next, the bus driver asked appellant what he wanted. Appellant merely stood mute until the bus reached the terminal, and then calmly returned to his seat where he remained until the police arrived. He put up little resistance when the police attempted to handcuff him and appeared to be generally oblivious to their presence. At the police station, when asked why he had stabbed the bus driver, appellant appearing distraught and despondent, said that he had just struck out because of frustrations resulting from his chronic unemployment and financial incapacity. In his defense appellant testified that he did not remember stabbing the bus driver and did not intend to injure him. Appellant also presented evidence that psychological tests administered to him indicated that he was likely to act without thinking.

In reviewing a criminal conviction on appeal, we consider the evidence most favorable to the state and affirm if there is substantial evidence to sustain the conviction. *White v. State*, 266 Ark. 499, 585 S.W. 2d 952 (1979). Circumstantial evidence may be substantial if it gives rise to more than a suspicion or induces the mind to pass beyond mere speculation or conjecture. *Smith v. State*, 264 Ark. 874, 575 S.W. 2d 677 (1979).

Appellant contends that the state failed to present sufficient evidence of his mental state to give rise to more than mere speculation that he committed any act with a conscious objective of causing physical injury. Although appellant concedes that he has no mental disease or defect, he argues that his character trait of acting without thinking and his preoccupation with his personal crisis prevented him from having the requisite culpable mental state to commit a second degree battery. We are not persuaded by this argument. Every man is presumed to intend the natural consequence of his acts and, unless he is insane, may be held accountable by society. *Bell v. State*, 120 Ark. 530, 180 S.W. 186 (1915). The act of stabbing a person in the head with a knife is substantial evidence of an intention to cause physical injury, even if done under circumstances suggesting severe emotional stress. The possibility that jurors could have found otherwise under the circumstances of this case is no justification for this Court to substitute its judgment for theirs.

Affirmed.