James FRENCH *v.* STATE of Arkansas

CR 79-171                                      609 S.W. 2d 42
Supreme Court of Arkansas
Opinion delivered December 15, 1980

*Dave Wisdom Harrod, J.D.*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. The appellant, James French, was charged with two counts of rape and incest of his granddaughter when she was ten and four counts of rape and incest when she was eleven. After viewing a video cassette film of one of the occasions which was visually recorded by appellant as he committed an offense, the jury convicted appellant and sentenced him to 15 years on one count of rape and five years on each of the other five, as well as six years on one count of incest and two years on the other five. The trial judge directed that the sentences be served consecutively, making a total sentence of 56 years. The appellant now contends that his convictions should be set aside because the trial judge wrongfully denied him a continuance and improperly admitted evidence, including the video cassette film. We disagree and, therefore, affirm.

Appellant, 61 at the time, was arrested on March 7, 1979 after his wife, son and daughter contacted the prosecuting attorney and turned over a video cassette film which appellant had made of himself as he performed cunnilingus on his granddaughter. His granddaughter had further disclosed that appellant had forced her to submit to such acts on six separate occasions over a 14 month period, beginning in January of 1978 and ending in March of 1979.

On March 26, 1979, appellant was psychologically evaluated by the state mental hospital which found him to be without psychosis in early April. On May 4, 1979, appellant's counsel filed a motion for continuance indicating that he needed time beyond May to prepare for trial, assemble defense witnesses, and evaluate medical evidence. No affidavit accompanied the motion. At a hearing on this motion on May 8, 1979, appellant's counsel indicated that he had primarily filed the motion because he had other criminal and

civil trials scheduled toward the end of May and that he needed additional time to obtain the results from certain psychological tests which appellant was undergoing from a private psychiatrist. However, when the judge asked whether there would be a defense of mental disease or defect, appellant's counsel responded, "In essence, Your Honor, no" and then went on to intimate otherwise. The motion was denied.

On May 25, 1979, appellant's counsel renewed his motion for continuance, attaching a statement from a psychiatrist who was psychologically treating and evaluating appellant. All the statement indicated was that the doctor needed more time to render an evaluation. The record does not reveal that this motion was acted upon before appellant's counsel announced ready for trial on May 31, 1979. Appellant was subsequently convicted on all counts and sentenced to the penitentiary.

It is well established that a trial court has wide latitude in granting a continuance, and its judgment will not be reversed absent a clear abuse of discretion. *Figeroa* v. *State*, 244 Ark. 457, 425 S.W. 2d 516 (1968); *Grissom* v. *State*, 254 Ark. 81, 491 S.W. 2d 595 (1973). Among the factors to be considered by the trial court in ruling on a motion for continuance are the diligence of the movant, the probable effect of any evidence which the movant alleges is unavailable, and the filing of an affidavit establishing the legitimacy of the evidence to be produced. *Kelley* v. *State*, 261 Ark. 31, 545 S.W. 2d 919 (1977).

Even if it is conceded that appellant was properly diligent, a concession which is probably unnecessary under the facts before us, appellant's motion was not accompanied by an affidavit and did not state the probable effect of the psychological evidence which appellant alleged was not yet available. Moreover, the psychological evidence which was available indicated that appellant was legally sane, and appellant's counsel indicated to the court that he was not going to rely on a defense of insanity. These circumstances do not justify a finding that the trial judge abused his discretion in denying appellant's motion for continuance.

Appellant's second argument concerning the improper admission of evidence is twofold. First, he contends that the state's evidence should have been excluded because of a private agreement between the prosecuting attorney and appellant's relatives not to prosecute appellant for the crimes revealed by their disclosures to the prosecutor. Even if such an agreement were legal, we simply find no factual basis in the record to support its existence. At the very least, the trial court was justified in disregarding any such agreement since the prosecuting attorney disclaimed any knowledge of it. Second, the appellant contends the obscene film depicting appellant's shocking conduct should have been excluded because its probative value was substantially outweighed by its prejudicial effect. We disagree. The young victim was reluctant to testify against her grandfather and was extremely vague and indefinite in her responses to the prosecutor's questions. She repeatedly stated that she could not remember what had happened and had to be continually prompted by references to her written statement. Under these circumstances, we think the film's probative value outweighed any prejudice to appellant.

Affirmed.

Fogleman, C.J., and Hickman, J., concur.

Purtle, J., dissents.

John A. Fogleman, Chief Justice, concurring. I concur in the majority opinion. The only reason for this concurrence is my feeling that we should recognize that under Rule 27.3, Arkansas Rules of Civil Procedure, an affidavit, formerly required under Ark. Stat. Ann. § 27-1403 (Repl. 1979), is no longer an essential prerequisite for the granting of a continuance. If good cause is shown, it should not matter how it is shown. An affidavit (or affidavits) may provide the most appropriate vehicle for making the showing, as is often the case in motion practice. In my opinion, the defect in this case is not in the failure to file accompanying affidavits. It is in the failure to make the showing of good cause that might have been made by an affidavit.

Section 27-1403 was made applicable to criminal proceedings by § 190 of the Criminal Code of 1869 [Ark. Stat. Ann. § 43-1706 (Repl. 1977)]. Section 27-1403 was a part of the Civil Code of 1869. We have adopted comprehensive new Rules of Criminal Procedure and of Civil Procedure. Although 27-1403 is not mentioned in the supersession order entered when the Rules of Civil Procedure were adopted, those rules include Rule 40 (b) which merely provides that the court may, upon motion and for good cause shown, continue any case previously set for trial. The Reporter's notes state that the motion for continuance does not have to be in writing. There is no provision in the current Arkansas Rules of Criminal Procedure similar to Ark. Stat. Ann. § 43-1706. I do not see how § 27-1403, at least as applied to criminal cases, can be said to have survived.

I fully recognize the fact that, since the adoption of the Rules of Criminal Procedure, I have written two opinions in which reference was made to Ark. Stat. Ann. § 27-1403. See *Venable* v. *State*, 260 Ark. 201, 538 S.W. 2d 286 and *Kelley* v. *State*, 261 Ark. 31, 545 S.W. 2d 919. Both of these opinions were written before the adoption of the Rules of Civil Procedure. In *Venable*, we considered the failure to file an affidavit as only one significant factor in appellate review of the exercise of the trial court's discretion in denying a motion for continuance. In *Kelley*, we said that the denial of a motion not in compliance with § 27-1403 was not an abuse of discretion; however, we pointed out that, even if the testimony of the appellant as to the testimony of a witness constituted substantial compliance with the statute, appellant's lack of diligence would have justified denial of the continuance.

I firmly believe that the filing of an affidavit as to the anticipated testimony of an absent witness is the better practice and that a trial court would be justified in denying a motion for continuance based on the unavailability of a witness when there is no adequate showing of what that witness would testify. I do not believe that the formal affidavit is an absolute requisite for the granting of a continuance or is its absence a ground for denial of a continuance, if an appropriate showing is otherwise made.

I am authorized to state that Mr. Justice Hickman joins in this opinion.

DARRELL HICKMAN, Justice, concurring. I agree that the case has to be affirmed on the two issues raised on appeal. However, to me the disturbing points are the obvious arguments that were not made during the trial or presented on appeal. The prosecuting attorney filed an amended information ten days before trial alleging five counts of incest in addition to the five counts of rape that had originally been charged. The additional allegations concerned the same five instances involved in the charges of rape. No objection was made to this late amendment. The record reflects that it would be contrary to Arkansas law for French to have been convicted for both rape and incest in several of the instances charged. Ark. Stat. Ann. § 41-105. There was no objection raised regarding this matter during the trial. The evidence was insufficient to support findings of guilty for rape and incest in at least four of the five circumstances considered. The record reflects that there was penetration in only one of those instances. That would mean a conviction could be had for only sexual abuse in the first degree, a less serious crime. There was no objection made regarding this matter at the trial. The Attorney General's office filed a motion with this court on two occasions to require the appellant to file an adequate brief and we granted that request.

I am not in favor of the so-called "plain error" rule whereby we review errors on our own, but in some instances the errors are so flagrant that they cannot go unnoticed. It may be that it was strategy in this case for French's counsel not to make any objections but that is difficult for me to conceive. In any event, that strategy or oversight, whichever it may have been, is one that should not go unmentioned by us. It is in the best interest of the state that new trials not be necessary. That can only mean that a prosecuting attorney and a circuit judge have some duty to see that a trial is conducted so that no error is committed. It is a responsibility that cannot be totally borne by the counsel representing a criminal defendant. If any further proceedings are necessary in this case, then in my judgment those proceedings will not be solely the fault of counsel representing French.